IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

     Plaintiff,                       No. CIV S-07-0790 WBS DAD P

     vs.

J.E. TILTON, et al.,

     Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On July 25, 2008, defendants Lockwood, Mayfield, and Tilton moved to dismiss plaintiff's claims on the grounds that there is no causal connection between their actions and the alleged wrongful conduct plaintiff describes in his complaint. Plaintiff has filed an opposition to defendants' motion, and defendants have filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Brandon, Lockwood, Mayfield, Parker, and Tilton. Therein, he alleges as follows. Plaintiff entered the California Department of Corrections and Rehabilitation ("CDCR") in 1989. Although plaintiff is not affiliated or associated with a gang inside or outside of prison, prison officials have labeled him with various gang classifications. For example, prison officials have labeled plaintiff as a

1

"Northerner Hispanic" because he was arrested in northern California. They have labeled him a "Southerner Hispanic" because he lived in Southern California. Prison officials have also labeled him a "Border Brother." (Compl. at 7 & 9-11.)

On September 21, 2004, plaintiff filed an inmate appeal, complaining about his various gang classifications. On December 2, 2004, defendant Parker reviewed plaintiff's classification and determined that he was not gang affiliated. According to plaintiff, however, prison officials failed to modify his label from "Border Brother" to "Mexican National." Plaintiff filed another inmate appeal, but on June 24, 2005, the Chief Director denied him relief, informing plaintiff that CSP-Sacramento had removed his "Border Brother" label and that no further action was necessary. (Compl. at 11-12.)

On December 6, 2005, plaintiff appeared for his annual classification hearing and received encouragement to participate in rehabilitative activities. However, defendant Mayfield ignored his request for reasonable programming and refused to remove any remaining gang label in his file. When plaintiff filed an inmate appeal against her, and in response thereto, defendant Mayfield recommended him for an institutional gang investigation. (Compl. at 11-13.)

On June 7, 2006, defendants Brandon and Parker produced a fraudulent confidential information package, which led to plaintiff's validation as a member of the Mexican Mafia "EME." Defendant Parker did not provide plaintiff with staff assistance or with adequate copies of the five items the defendants relied on to validate him as a gang member. On November 1, 2006, Warden Malfi recommended plaintiff for a maximum security housing unit term of six years. (Compl. at 13-17.)

According to plaintiff, through their "acts and/or policies" the defendants have erroneously classified him as a member of the Mexican Mafia. Plaintiff claims that defendants have violated his right to due process and his right to be free from retaliation. By way of relief, plaintiff requests declaratory and injunctive relief. (Compl. at 3, 7-8 & 20-24.)

/////

## THE PARTIES' ARGUMENTS

I. <u>Defendants' Motion</u>

Defense counsel argues that defendants Tilton and Lockwood should be dismissed from this action because they cannot be held liable on a theory of vicarious liability. Counsel argues that plaintiff's complaint is devoid of any allegations that defendants Tilton and Lockwood were personally involved in depriving him of any protected right. Rather, plaintiff's allegations against these defendants are limited to the supervisory roles they played. For example, defense counsel contends, plaintiff's allegations against defendant Tilton are limited to the role he played in reviewing plaintiff's inmate appeals. In addition, counsel points out that plaintiff's allegations against defendant Lockwood are limited to the role he played approving certain regulations. Defense counsel concludes that plaintiff's allegations are simply insufficient as to both of these defendants. (Defs.' Mot. to Dismiss at 4-5.)

Counsel also argues that defendant Mayfield should be dismissed because plaintiff has failed to allege facts suggesting a causal connection between her actions and plaintiff's alleged injury. Specifically, defense counsel notes that plaintiff alleges merely that defendant Mayfield did not allow him to participate in rehabilitative activities and that defendant Mayfield had the authority to remove plaintiff's classification as a gang member but refused to do so. Counsel contends, however, that defendant Mayfield's refusal to allow plaintiff to participate in rehabilitative activities has nothing to do with his classification as a gang member. In addition, defendant Mayfield's refusal to remove documents indicating that he was a classified gang member from plaintiff's file, occurred after plaintiff had been classified as a gang member. In counsel's view, plaintiff's complaint is devoid of any allegations that defendant Mayfield was involved in the actual classification process. Counsel concludes that plaintiff has therefore failed to allege the necessary causal link between defendant Mayfield's actions and plaintiff's alleged injury. (Defs.' Mot. to Dismiss at 5.)

/////

II. Plaintiff's Opposition[1]

In opposition to defendants' motion to dismiss, plaintiff argues that defendants Tilton, Lockwood, and Mayfield are responsible for the constitutional violations he complains of in this case. Specifically, plaintiff argues that defendant Tilton, as the Secretary of the CDCR, both knew about and refused to correct harmful gang management policies. According to plaintiff, defendant Tilton is responsible for ensuring that those policies provide inmates with due process protections and for ensuring that his subordinates conduct full investigations into any employee misconduct in connection with those policies. (Pl.'s Decl. at 6; Pl.'s Mem. of P. & A. at 6-7 & 9.)

Plaintiff also argues that defendant Lockwood, as Chief Director of Regulations and Policy Management, is responsible for ensuring that CDCR employees do not implement or administer discriminatory, arbitrary, vague or overbroad gang management policies. According to plaintiff, defendant Lockwood refuses to conduct fair hearings and has not properly reviewed plaintiff's complaints regarding his erroneous gang validation. In fact, plaintiff claims that prison officials often ignore, destroy, or engage in a meaningless review of most inmate appeals challenging gang validations. (Pl.'s Decl. at 6-7; Pl.'s Opp'n to Defs.' Mot. to Dismiss at 9-10; Pl.'s Mem. of P. & A. at 6-7 & 9-11.)

Finally, plaintiff argues that defendant Mayfield, his correctional counselor, refused to expunge the unreliable gang-related information from his prison file and instead recommended an institutional gang investigation of plaintiff. Plaintiff claims that defendant Mayfield's actions were retaliatory, resulting in his gang validation and the imposition of a

/////

/////

---

[1] Throughout plaintiff's opposition to defendants' motion to dismiss, he refers to a number of exhibits. The court is unaware of what plaintiff is referring to in this regard. Plaintiff is advised that the court did not receive any exhibits with his opposition. Nor are there any exhibits attached to plaintiff's complaint.

4

security housing unit term.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 10-11; Pl.'s Mem. of P. & A. at 10-11.)[2]

## LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  To survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

---

[2] In reply, defense counsel reiterates the arguments advanced in support of the motion to dismiss that have been summarized above.  (Defs.' Reply at 2-6.)

such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

## ANALYSIS

I. Defendants Tilton and Lockwood

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel may not be held liable under § 1983 for the actions of their employees under a theory of respondeat superior. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). A supervisory official may be held liable if he or she was personally involved in a deprivation of the plaintiff's rights or if there is a sufficient causal connection between the supervisor's wrongful conduct and the alleged violation of rights. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A causal connection may be established by showing that a supervisor set in motion a series of acts by others which the supervisor knew or reasonably should have known would cause others to inflict a constitutional violation. Ybarra v.

Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); Johnson, 588 F.2d at 743-44. Supervisory liability exists even without personal involvement if the supervisory officials implement a policy so deficient that the policy "'itself is a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.

Applying the standards applicable to motions to dismiss pursuant to Rule 12(b)(6), the court finds that plaintiff has alleged sufficient facts to state a claim against defendants Tilton and Lockwood. Plaintiff's claims against these defendants are premised on their involvement in promulgating or implementing a gang management policy. According to plaintiff, defendants' policies resulted in his erroneous validation as a member of the Mexican Mafia "EME" and his placement in a security housing unit. In this regard, the court finds that plaintiff's complaint states a sufficient causal connection between defendant Tilton and Lockwood's conduct and the alleged violations of plaintiff's constitutional rights. See Redman, 942 F.2d at 1447-48 (a reasonable jury could conclude that Sheriff Duffy was deliberately indifferent to pretrial detainee's personal safety because he approved the relevant classification policies); McGrath v. Scott, 250 F. Supp. 2d 1218, 1227 (D. Ariz. 2003) ("This Court finds that it must apply pleading standards in a realistic, common-sense fashion that recognizes that at the pleading stage (i.e., prior to discovery occurring) a plaintiff frequently lacks the actual details concerning supervisors' interactions with employees accused of committing constitutional violations."). See also, e.g., Saunders v. Fairman, No. CIV F-02-5806 OWW DLB P, 2008 WL 2283786 at *6 (E.D. Cal. May 30, 2008) (plaintiff stated a cognizable claim against supervisory defendants for their promulgation and implementation of policy that allegedly created an environment in which staff misconduct and prisoner abuse was acceptable); Hamby v. Scribner, No. CIV F-04-6468 OWW DLB P, 2006 WL 241491 at *4 (E.D. Cal. Feb. 1, 2006) (plaintiff stated a prima facie case of supervisory liability against prison Warden and Director of Law Enforcement & Investigations Unit in connection with his validation as a gang affiliate).

/////

Accordingly, defendants' motion to dismiss for failure to state a claim against defendants Tilton and Lockwood should be denied.[3]

II. Defendant Mayfield

    A. Due Process

Prison officials may not deprive an inmate of liberty without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, an inmate is placed in segregation for administrative purposes, due process requires only the following:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views.
>
> We specifically find that the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. We also find that due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (internal citations and footnote omitted). See also Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (placing suspected gang members in segregation is an administrative decision and not a disciplinary measure).

Applying the standards applicable to motions to dismiss pursuant to Rule 12(b)(6), the court finds that plaintiff has failed to allege a sufficient causal connection between defendant Mayfield's actions and the alleged due process violations that led to plaintiff's gang

---

[3] Of course, plaintiff's claims may well not survive a motion for summary judgment. In that context he will be required to submit evidence in support of his claims demonstrating that the defendants caused the alleged constitutional violations in this case. However, it is well established that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

validation and the imposition of a security housing unit term.  As described above, plaintiff has not alleged that defendant Mayfield was involved in promulgating or implementing the gang management policy.  In addition, plaintiff has not alleged that defendant Mayfield was involved in his initial placement in administrative segregation or in plaintiff's classification hearing that resulted in his validation as a member of the Mexican Mafia, "EME."  Nor has plaintiff alleged that defendant Mayfield was involved in imposing plaintiff's security housing unit term.  According to plaintiff's own allegations, defendant Mayfield's involvement in plaintiff's gang validation was limited to her alleged recommendation that the institutional gang investigation unit look into plaintiff's gang affiliation and her alleged refusal to remove certain documents from plaintiff's file at his request.  Those allegations are not sufficient to state a due process claim against defendant Mayfield.  Accordingly, defendants' motion to dismiss plaintiff's due process claim against defendant Mayfield should be granted.

B.  Retaliation

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.

The court finds that plaintiff has alleged sufficient facts to state a retaliation claim against defendant Mayfield.[4]  Specifically, plaintiff's complaint alleges as follows.  Plaintiff

---

[4] Defense counsel's argument on behalf of defendant Mayfield is limited to her lack of involvement in plaintiff's gang validation.  As noted, the court agrees with counsel that plaintiff has not stated a cognizable due process claim against defendant Mayfield because he has not alleged a causal connection between defendant Mayfield's actions and the deprivation he is

sought to participate in rehabilitative services and asked defendant Mayfield for assistance in obtaining reasonable programming.  When she refused to assist him, plaintiff filed an inmate appeal against her.  In retaliation for filing that inmate appeal, defendant Mayfield recommended that the institutional gang investigation unit investigate plaintiff's possible gang affiliation.  Plaintiff was injured by defendant Mayfield's actions because the institutional gang investigation led to his erroneous classification as a member of the Mexican Mafia "EME" and a six-year security housing unit term.  Finally, according to plaintiff, defendant Mayfield had a retaliatory motive and did not act to further legitimate penological purposes when she recommended him for an institutional gang investigation.

The court finds that these allegations state a cognizable retaliation claim against defendant Mayfield.[5]  Accordingly, plaintiff will be allowed to proceed against the defendant on this claim.

### OTHER MATTERS

At screening, the court found that plaintiff's original complaint appeared to state cognizable claims against defendants Brandon, Lockwood, Mayfield, Parker, and Tilton.[6]  In his opposition to defendants' motion to dismiss, plaintiff appears to request leave to amend in order to include additional parties and claims in his complaint.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss

/////

/////

---

alleged to have suffered.  However, counsel has not addressed plaintiff's retaliation claim.  In this regard, it is not clear whether counsel was unaware of plaintiff's retaliation claim or simply decided not to move to dismiss that claim.  Out of an abundance of caution the undersigned has chosen to address the claim herein.  In any event, as discussed above, the court finds that plaintiff has stated a cognizable retaliation claim against defendant Mayfield and he will be allowed to proceed accordingly.

[5] See fn. 3, supra.

[6] Specifically, plaintiff's original complaint appeared to state cognizable claims under the Due Process Clause against defendants Brandon, Lockwood, Mayfield, Parker, and Tilton and under the First Amendment against defendant Mayfield.

at 11-24; Pl.'s Decl. at 7-12.)  To the extent that plaintiff wishes to include additional parties or claims in his complaint, he must file an amended complaint.[7]

If plaintiff elects to file an amended complaint, plaintiff must list each defendant in the caption of his pleading and name each defendant, with position and place of employment, in the section of the form complaint designated for that purpose.  In addition, plaintiff must clarify what constitutional right he believes each defendant has violated and support each such claim with factual allegations regarding each defendant's actions.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Finally, if plaintiff files an amended complaint, he should clarify the relief he seeks.  For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state the amount he seeks from the defendants.

Plaintiff is reminded that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp., 550 U.S. 544, ___, 127 S. Ct. at 1965.  Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is informed that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

---

[7] The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." However, once defendants file an answer in this case, plaintiff may amend his complaint only by leave of court or by written consent of the defendants. See Fed. R. Civ. P. 15(a).

## CONCLUSION

IT IS HEREBY RECOMMENDED that defendants' July 25, 2008 motion to dismiss (Doc. No. 19) be granted in part and denied in part as follows:

1. Defendants' motion to dismiss for failure to state a cognizable claim against defendants Tilton and Lockwood be denied;

2. Defendants' motion to dismiss for failure to state a retaliation claim against defendant Mayfield be denied; and

3. Defendants' motion to dismiss for failure to state a due process claim against defendant Mayfield be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rios0790.57