IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

    Plaintiff,                      No. 2:07-cv-00790 WBS KJN P

    vs.

J.E. TILTON, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was reassigned to the undersigned on February 9, 2010.[1] Several matters, discussed below, are currently pending.

        Plaintiff's complaint, filed April 25, 2007, alleges that defendants Tilton, Lockwood, Brandon, Parker and Mayfield erroneously classified plaintiff as a gang member and placed him in a secure housing unit ("SHU") without due process. Plaintiff claims that defendants' decision was based on fraudulent and unreliable confidential information and that defendants' actions were taken in retaliation against plaintiff because he associates with prisoners within his ethnic group. Plaintiff seeks injunctive relief, the costs of suit, and any other relief the

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

court deems appropriate. Dkt. No. 1.

The complaint has survived a motion to dismiss. On March 3, 2009, the district judge adopted the findings and recommendations of the former magistrate judge that defendants' motion to dismiss for failure to state a cognizable claim against defendants Tilton and Lockwood be denied; that defendants' motion to dismiss for failure to state a retaliation claim against defendant Mayfield be denied; but that defendants' motion to dismiss for failure to state a due process claim against defendant Mayfield be granted. Dkt. Nos. 31, 30.

Presently pending before the court are the following matters: (1) plaintiff's motion seeking discovery, a protective order re confidentiality of documents, and a hearing, filed March 16, 2009 (Dkt. No. 35); (2) plaintiff's motion for order compelling discovery filed July 23, 2009 (Dkt. No. 39); (3) defendants' motion for summary judgment filed November 19, 2009 (Dkt. No. 45); (4) plaintiff's motion filed December 9, 2009 (Dkt. No. 48) for an extension of time within which to file an opposition to defendants' motion for summary judgment (plaintiff subsequently file an opposition (Dkt. No. 49)); (5) plaintiff's motion to strike defendants' summary judgment motion (Dkt. No. 50); (6) defendants' motion for protective order to stay discovery pending disposition of defendants' motion for summary judgment (Dkt. No. 53); and (7) defendants' motion for an extension of time within which to respond to plaintiff's written discovery should the court deny defendants' pending stay request (Dkt. No. 56).

Central to each of these matters is the failure of this court previously to set a discovery deadline. Although a discovery order issued on March 13, 2009 (Dkt. No. 33), it failed to establish a deadline for concluding discovery. Defendants assert, implicitly, that discovery should have ceased when they filed their motion for summary judgment; plaintiff contends that he was required prematurely to address defendants' motion because he hadn't yet obtained all of the relevant information he sought, thus precipitating his motion to strike. In addition, the inaction on plaintiff's March and July 2009 discovery requests, and defendants' current representation that they have now provided extensive discovery responses obscure the discovery

matters that may remain in dispute. Further, as recently as March 15, 2010, plaintiff states that he remains placed in the SHU at California State Prison – Corcoran, with limited access to the law library thereby limiting his ability to pursue this action. Dkt. No. 54.

It is imperative that a preliminary scheduling order be established in this case, which will accord plaintiff the opportunity to complete his discovery before responding more fully to defendants' dispositive motion. Review of the pending summary judgment motion indicates that it presents many factually intensive claims and none of the issues appears to necessitate an expedited decision (other than plaintiff's continuing SHU placement). Limited judicial resources require that this court address only those dispositive motions that are fully and adequately briefed.

Accordingly, in an effort to permit adequate time for the parties to succinctly identify and clarify current discovery disputes, IT IS HEREBY ORDERED that:

1. The parties may conduct discovery until July 1, 2010. Any motions necessary to compel discovery shall be filed by that date. Any further requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than forty-five (45) days prior to that date.

2. All pretrial dispositive motions, excluding motions to compel discovery, shall be filed on or before September 30, 2010,[2] but not before the discovery deadline.

3. Defendants' motion for summary judgment filed November 19, 2009 (Dkt. No. 45), is denied without prejudice to filing an amended dispositive motion after close of discovery and before the deadline for filing dispositive motions.

4. Plaintiff's motion to strike defendants' summary judgment motion (Dkt. No.

---

[2] Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110, shall be briefed pursuant to Local Rule 230(*l*). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only as directed by the court.

50), is denied as moot.

      5. Plaintiff's motion for an extension of time within which to file an opposition to defendants' motion for summary judgment (Dkt. No. 48), is denied as moot.

      6. Plaintiff's motion to compel discovery and for a protective order re. confidentiality of documents (Dkt. No. 35) are denied without prejudice; plaintiff's motion for a hearing on these matters (Dkt. No. 35) is denied as moot

      7. Plaintiff's motion for order compelling discovery (Dkt. No. 39), is denied without prejudice.

      8. Defendants' motion for protective order staying discovery pending disposition of defendants' motion for summary judgment (Dkt. No. 53), is denied as moot.

      9. Defendants motion for an extension of time to respond to plaintiff's written discovery requests (Dkt. No. 56), is granted in part; defendants shall provide responses to the discovery at issue within twenty-eight (28) days of the filing date of this order.

      10. Filed contemporaneously with this order is a "Discovery and Initial Scheduling Order" setting forth the pertinent rules and considerations to be made by the parties at this stage of this litigation.

      SO ORDERED.

DATED: March 25, 2010

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

Rios0790.mult.wpd

4