IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

     Plaintiff,                          No. 2:07-cv-00790 WBS KJN P

   vs.

J.E. TILTON, et al.,                        <u>ORDER</u>

     Defendants.

_____/

        Plaintiff seeks an order of this court directing officials at his place of incarceration, California State Prison–Corcoran ("CSP-C"), to accord him "Preferred Legal User" ("PLU") status in order to obtain priority in accessing and using the resources of the prison law library. (Dkt. No. 62). Plaintiff also seeks an order of this court directing the CSP-C library to photocopy plaintiff's documents that exceed 50 pages in length.

        Pursuant to California Code of Regulations, Title 15, section 3122, inmates with established court deadlines (defined as either a court imposed or statutory deadline) are to be given a higher priority to access law library resources than that provided to "General User"

////

////

////

1

1 inmates who proceed without an established court deadline.[1]

2 Plaintiff submitted two separate requests for PLU status relative to the dates in this case. The first, filed March 1, 2010, was based on plaintiff's asserted need to file an opposition to defendants' motion to stay discovery in this action, and identified an established court deadline of March 19, 2010. (Id., Exh. B.) The request was denied on the ground that "you don't need the library to serve anybody." (Id.) This matter is now moot. Plaintiff filed his opposition on March 15, 2010 (Dkt. No. 54), and defendants' motion was denied by order of this court filed March 26, 2010 (Dkt. No. 58).

---

[1] 15 Cal. Code. Regs. § 3122 provides in pertinent part:

(b) Inmates who have established court deadlines may apply for Priority Legal User (PLU) status to the prison law libraries. Inmates who are granted PLU status based on their application shall receive higher priority to prison law library resources than other inmates. All inmates who are not on PLU status are on General Legal User (GLU) status.

(1) An established court deadline may be either a court imposed deadline for an active case or a statutory deadline. Inmates who apply for PLU status based on a court imposed deadline must show documentation from the court to verify that deadline. Inmates who apply for PLU status based on a statutory deadline must identify the legal rule that compels the deadline.

. . . (3) Inmates shall complete and sign a CDCR Form 2171 (Rev. 9/09), Priority Library User (PLU) Request and Declaration, which is incorporated by reference, to apply for PLU status. The Form 2171 shall include check boxes for inmates to designate their established court deadlines. The Form 2171 shall also include a check box for inmates to confirm that they do not have attorney representation for their listed deadline.

(4) Except under extraordinary circumstances beyond staff control, law library staff shall have seven calendar days after receipt of the completed and signed Form 2171 to process an inmate's application for PLU status and make a decision to approve or disapprove the application. Staff members who disapprove an inmate's application shall provide the reasons for their disapproval on the form and shall provide a copy of that document to the inmate.

. . . (6) An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can demonstrate need for a longer period of PLU status based on extraordinary circumstances beyond the inmate's control. . . .

15 Cal. Code. Regs. § 3122(b).

Plaintiff's second request, filed April 26, 2010, is based on plaintiff's asserted need to conduct legal research in order to frame his discovery requests, and noted the July 1, 2010 discovery deadline in this action set by order of this court filed March 26, 2010 (Dkt. No. 58.) (Dkt. No. 62, Exh. B.) Plaintiff also noted established court deadlines of May 15, 2010, and June 15, 2010. The May 15, 2010 deadline apparently refers to the order of this court that further requests for discovery were to be served no later than 45 days prior to July 1, 2010. (Dkt. No. 58, at 3.) The court is unable to ascertain the basis of the June 15, 2010 date. Library staff granted plaintiff's request and access was made available to plaintiff the following day on April 27, 2010. (Id.) Thus, this matter is also moot. Moreover, the May 15, 2010 deadline for propounding further discovery has passed and, while the July 1, 2010 discovery deadline is outstanding, plaintiff does not assert that he requires additional library access in order to respond to defendants' discovery.

The court therefore finds no substantive basis for plaintiff's challenges to the responses of CSP-S officials to plaintiff's PLU requests. More significantly, these matters are improperly brought before this court. Inmates claiming interference or denial of their constitutional right of access to the courts must allege an actual injury, Lewis v. Casey, 518 U.S. 343, 346 (1996), which plaintiff has not done. More significantly, plaintiff must exhaust his administrative remedies before challenging, on federal grounds, any condition of his confinement. 42 U.S.C. § 1997e(a). Plaintiff's assertion of noncompliance with these institutional regulations does not state a federal claim.

A remaining issue is plaintiff's request for an order of this court directing CSP-C staff "to order CSP-Corcoran-SHU, Warden and Litigation Office to approve plaintiff for . . . the duplication of any legal document or exhibit which exceeding (sic) over 50 and/or 100 pages in length and any other discovery transcripts of defendants' answers involved in this litigation." (Dkt. No. 62, at 9.) Plaintiff directs the court's attention to the Operations Manual of the California Department of Corrections and Rehabilitation ("DOM"), Chapter 1, Article 18 ("Legal

1  Matters"), which provides for inmate legal copying services, and has provided copies of
2  implementing rules and procedures in effect at CSP-C.  The latter include a prohibition on
3  photocopying any legal document in excess of 50 pages absent a written request by the inmate
4  providing a reasonable explanation for the need to duplicate more, and prohibiting the
5  photocopying of any document exceeding 100 pages absent a court order so directing.  (Dkt. No.
6  62, Exh. A.)

7        The only formal request referenced and included in plaintiff's motion is a May 7,
8  2010 request to photocopy 61 pages of a "discovery court order," which was denied pending
9  submission of a written explanation.  (Id., Exh. C.)  Plaintiff resubmitted the request, explaining
10 that "these request of production of documents (sic) for my discovery order I need to mail them
11 out today."  (Id.)  The request was again denied on the ground that a written explanation was
12 required.  (Id.)

13       As with plaintiff's complaints regarding his requests for PLU status, this issue is
14 not properly before the court until plaintiff exhausts his administrative remedies and can properly
15 state a federal claim.  Plaintiff is also cautioned that he is not to burden the court with frivolous
16 matters.

17       Accordingly, plaintiff's motion filed June 14, 2010 (Dkt. No. 62) is denied.
18       SO ORDERED.
19 DATED:  June 18, 2010

23       KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

25 rios0790.misc