IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

      Plaintiff,                    No. 2:07-cv-0790 WBS KJN P

  vs.

J.E. TILTON, et al.,

      Defendants.          ORDER

_____/

        On December 16, 2010, this court directed defendants to show cause why they should not be sanctioned for failure to file an opposition or statement of non-opposition to plaintiff's discovery motion filed November 15, 2010, and to file such response. Defendants timely responded to the court's order on January 5, 2011, and filed an opposition to plaintiff's motion. (Dkt. Nos. 89, 90.) The order to show cause is therefore discharged.

        Plaintiff moves to compel defendants' compliance with this court's order filed September 24, 2010, which required, in pertinent part, that defendants serve plaintiff with a supplemental response to plaintiff's Production Request No. 1 (Set One). While the request broadly sought plaintiff's "complete prison file," the court ordered narrow disclosure consistent with the California Department of Corrections and Rehabilitation's confidentiality guidelines. (See Dkt. No. 81 at 5-10.) The court required that defendants disclose, in an appropriately

1

restricted format, "any information in plaintiff's central file that has been designated 'confidential' and relied upon to validate plaintiff as a gang member." (Id. at 9-10.) The court rejected defendants' argument that they are not the custodian of plaintiff's prison records, and directed the Attorney General's Office to work with the litigation coordinators for the institutions in which plaintiff has been incarcerated to obtain the subject information. The court directed defendants to produce such information "in a CDC Form 1030 or similar format, and include[] all information contained in plaintiff's central file that was initially relied upon to validate plaintiff as a gang affiliate, and has been thereafter relied upon to maintain such validation, properly redacted as set forth in California Code of Regulations, Title 15, Sections 3321 and 3378." (Dkt. No. 81, at 18.)

Defendants state that they timely served their supplemental response on October 25, 2010 (and hence concluded that it was unnecessary to respond to plaintiff's November 15, 2010 motion).[1] As recounted by defendants' counsel (Declaration of Phillip L. Arthur (Dkt. No. 89-1, at 1-2)):

> On September 27, 2010, I contacted the litigation coordinator at the institution where Plaintiff was validated as an associate of the Mexican Mafia, California State Prison, Sacramento (CSP-SAC), and asked for a CDC Form 1030, or other similar format, including all information contained in Plaintiff's central file that was initially relied upon to validate Plaintiff as an associate of the Mexican Mafia, and has been thereafter relied upon to maintain such validation, properly redacted as set forth in title 15, sections 3321 and 3378 of the California Code of Regulations.
>
> On September 28, 2010, the litigation coordinator at CSP-SAC provided me with five CDC Form 1030's, dated June 7, 2006, and informed me that these forms contained all the information from Plaintiff's central file that was initially relied upon to validate him as an associate of the Mexican Mafia, and has been thereafter relied upon to maintain such validation.
>
> On October 25, 2010, my office served Plaintiff with Defendants'

---

[1] Defendants also state that they discounted the significance of plaintiff's motion because the exhibits attached to his motion included defendants' supplemental response (the court noted these documents in its order but nonetheless sought defendants' input (Dkt. No. 86, at 1)), and because the court had previously admonished plaintiff regarding his frequent filings. (Dkt. No. 90, at 4.)

2

supplemental responses to Plaintiff's requests for production of documents, request no. 1.

Defendants have provided the court with a copy of their supplemental response. (Dkt. No. 89-2, at 2-10 (Exh. A).) Each of the five CDC 1030 Forms summarizes information relied upon by the California Department of Corrections and Rehabilitation in validating plaintiff's gang affiliation, and provides that disclosure of the underlying documents "would threaten the safety and security of the institution."

Rather than challenge the contents of defendants' supplemental response, plaintiff again seeks disclosure of the 51 confidential documents referenced on the CDC 810 Forms ("Confidential Information Listing[s]") in his file. (These CDC 810 Forms are set forth in Dkt. No. 78 at 29-36.) Plaintiff seeks disclosure of each document listed on these CDC 810 Forms, pursuant to completion of a CDC 1030 Form. Plaintiff asserts that the documents listed in the CDC 810 Forms cannot withstand the scrutiny required by completion of a CDC 1030 Form, and hence their disclosure is directly relevant to the "reliability" of the information relied upon in validating plaintiff, which is at the heart of plaintiff's case. However, the court's order directing defendants' supplemental response was intended to glean from the many confidential documents in plaintiff's file "all information contained in plaintiff's central file that was initially relied upon to validate plaintiff as a gang affiliate, and has been thereafter relied upon to maintain such validation." (Dkt. No. 81 at 18 (emphasis added).) Thus, any confidential information defendants have relied upon in their pending motion for summary judgment (or later intend to rely upon) in support of plaintiff's gang validation should be limited to the information provided in defendants' supplemental response; otherwise, the information is subject to evidence preclusion (see Fed. R. Civ. P. 37(c). If defendants have relied, or intend to rely, on any confidential information other than that identified in their supplemental response to demonstrate the appropriateness of plaintiff's gang validation as it pertains to the issues in this case, they shall so notify the court as set forth below.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause filed December 16, 2010 (Dkt. No. 86) is discharged;

2. Plaintiff's motion to compel discovery (Dkt. No. 82) is denied without prejudice.

3. Defendants shall, within fourteen days after the filing date of this order, notify the court whether they have relied, or intend to rely, on any confidential information other than that identified in their supplemental response to demonstrate the appropriateness of plaintiff's gang validation and, if applicable, shall identify such references in their motion for summary judgment, exhibits thereto, and/or reply; alternatively, defendants shall notify the court that they do not rely on any confidential information that was not disclosed pursuant to their supplemental response.

DATED: March 4, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rios0790.disc

4