IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

        Plaintiff,                    No. 2:07-cv-0790 WBS KJN P

    vs.

J.E. TILTON, et al.,

        Defendants.

_____/

        Plaintiff seeks reconsideration of this court's order filed October 19, 2011, which, in pertinent part, granted defendants' motion for summary judgment on each of plaintiff's due process claims and on plaintiff's retaliation claim against defendant Parker; the court denied defendants' motion on plaintiff's retaliation claim against defendant Mayfield, on which this case now proceeds. (See Dkt. No. 100, adopting findings and recommendations at Dkt. No. 96.) Plaintiff challenges the court's ruling on the ground that defendants failed to produce complete and truthful discovery responses, depositions and declarations. Plaintiff also seeks to amend his pleadings and name additional defendants in this action. (See Dkt. No. 101.)

        Local Rule 230 (j) requires that a motion for reconsideration include identification of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and

1

1   a statement explaining "why the facts or circumstances were not shown at the time of the prior
2   motion." E.D. Cal. L.R. 230(j)(3), (4). This rule derives from the "law of the case" doctrine,
3   which provides that legal decisions made in a case "should be followed unless there is
4   substantially different evidence . . . , new controlling authority, or the prior decision was clearly
5   erroneous and would result in injustice." Handi Inv. Co. v. Mobil Oil Corp., 653 F.2d 391, 392
6   (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied,
7   475 U.S. 1064 (1986). In addition, Federal Rule of Civil Procedure 60, authorizes relief from an
8   order for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), subject to an
9   "extraordinary circumstances" standard, so as not to permit "a second bite at the apple," but to
10  avoid inequitable results and accomplish justice. See In re Pacific Far East Lines, Inc., 889 F.2d
11  242, 250 (9th Cir. 1989).

12              Plaintiff does not assert that new or different facts or circumstances warrant
13  reconsideration of the court's ruling. Rather, plaintiff asserts, as he has throughout this action,
14  that defendants' evidence is unreliable and, therefore, that the court has rendered an erroneous
15  and unjust decision. However, the challenged decision was reached after the court addressed
16  plaintiff's challenges to defendants' discovery responses (Dkt. No. 81 at 4-14), and denied
17  plaintiff's request for leave to file an amended complaint (id. at 14-16). Plaintiff's instant
18  motion seeks merely to reopen discovery and relitigate the claims decided adversely to plaintiff.
19  These are improper grounds for reconsideration.

20              Accordingly, plaintiff's motion for reconsideration (Dkt. No. 101), is hereby
21  denied.

22  DATED:  October 28, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE