IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

      Plaintiff,                    No. 2:07-cv-0790 WBS KJN P

   vs.

J. E. TILTON, et al.,

      Defendants.            ORDER

_____/

        Plaintiff is a prison inmate proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 19, 2011, the district judge adopted the undersigned's findings and recommendations that defendants' motion for summary judgment be granted in part and denied in part; on November 1, 2011, the district judge denied plaintiff's motion for reconsideration. This action now proceeds only on plaintiff's retaliation claim against defendant Mayfield. Pending is plaintiff's fifth request for the appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States District Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

(9th Cir. 1990).  A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved."  <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).

       Plaintiff's previous requests for appointment of counsel were filed on September 19, 2008, March 16, 2009, August 10, 2009, and July 8, 2010.  All requests were denied, on the ground that this case did not present the required exceptional circumstances warranting appointment of counsel.  The court again finds that the required exceptional circumstances are not present.  Although the remaining claim in this action has survived a motion for summary judgment, plaintiff has proven to be a prolific and articulate litigant on his own behalf; it appears, at present, that plaintiff will be able to marshal the relevant facts and legal principles in support of his retaliation claim for purposes of trial.

       Accordingly, IT IS HEREBY ORDERED that plaintiff's current motion for appointment of counsel (Dkt. No. 102), is denied.

DATED: November 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rios0790.31thr