IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

        Plaintiff,                    No. 2:07-cv-0790 WBS KJN P

   vs.

J.E. TILTON, et al.,

        Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with a civil rights action.  Presently pending before the undersigned is plaintiff's motion for appointment of counsel, and plaintiff's motion to stay the court's scheduling order filed November 2, 2011.  (Dkt. Nos. 107, 108.)  Also pending is plaintiff's appeal to the Ninth Circuit Court of Appeals, of this court's order filed October 19, 2011, which adopted the findings and recommendations that defendants' motion for summary judgment be granted in part and denied in part.  (Dkt. Nos. 96, 100.)

        This is plaintiff's sixth motion requesting appointment of counsel.  The court denied each of plaintiff's prior requests, filed on September 19, 2008, March 16, 2009, August 10, 2009, July 8, 2010 and October 21, 2011.  In his present motion, plaintiff has completed a form request, which sets forth boilerplate language asserting, inter alia, that plaintiff's action is

meritorious and presents complex legal issues; that plaintiff has been denied reasonable access to the prison law library; and that plaintiff lacks education and legal training, and is unable to fairly present his case against experienced attorneys.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).

In the present case, the court does not find the required exceptional circumstances. The undersigned carefully reviewed and considered plaintiff's extensive filings in opposition to defendants' motion for summary judgment; they were factually detailed, and supported by adequate documentation; additionally, they addressed the appropriate legal standards and plaintiff persuasively presented his legal arguments; moreover, plaintiff prevailed in part. Pending a ruling by the Court of Appeals, this action may proceed to trial only on one claim, thus becoming a less complex case legally, while becoming more complex pragmatically. Absent a ruling from the Ninth Circuit, there is no basis for granting plaintiff's current request for appointment of counsel. Therefore, the request will be denied, without prejudice to its renewal after a ruling by the Court of Appeals, and demonstration of particular need by plaintiff.

Plaintiff also requests that the deadlines set forth in the Further Scheduling Order filed November 2, 2011 (Dkt. No. 104), be stayed pending a ruling by the Ninth Circuit. Plaintiff's request is reasonable, because the scheduling order requires filings by plaintiff in early

January 2012.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel (Dkt. No. 107), is denied without prejudice; and

2. Plaintiff's motion to "stay" (Dkt. No. 108), is granted as follows: the Further Scheduling Order filed November 2, 2011, is vacated pending further order of this court.

DATED: December 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rios0790.31.thr.req.stay