IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

    Plaintiff,               No. 2:07-cv-0790 WBS KJN P

  vs.

J.E. TILTON, et al.,

    Defendants.        <u>ORDER</u>

_____/

        On March 30, 2012, plaintiff filed a motion to stay the deadlines set forth in this court's Further Scheduling Order, issued March 19, 2012, until final resolution of plaintiff's appeal then pending before the Ninth Circuit Court of Appeals. On April 3, 2012, the Court of Appeals issued a mandate rendering final its judgment entered January 10, 2012, which dismissed plaintiff's appeal for lack of jurisdiction. (Dkt. Nos. 115, 118.) Therefore, plaintiff's motion is now moot. The dates set forth in the recently-filed Further Scheduling Order (Dkt. No. 116) shall remain in effect.

        One additional matter requires comment. The court previously denied plaintiff's several motions for appointment of counsel. (<u>See</u> Dkt. Nos. 28, 42, 81, 105, 113.) Most

////

////

recently, the court stated (Dkt. No. 113 at 2):

> The undersigned carefully reviewed and considered plaintiff's extensive filings in opposition to defendants' motion for summary judgment; they were factually detailed, and supported by adequate documentation; additionally, they addressed the appropriate legal standards and plaintiff persuasively presented his legal arguments; moreover, plaintiff prevailed in part. Pending a ruling by the Court of Appeals, this action may proceed to trial only on one claim, thus becoming a less complex case legally, while becoming more complex pragmatically. Absent a ruling from the Ninth Circuit, there is no basis for granting plaintiff's current request for appointment of counsel. Therefore, the request will be denied, without prejudice to its renewal after a ruling by the Court of Appeals, and demonstration of particular need by plaintiff.

The court also acknowledges that plaintiff resides in a Secure Housing Unit, with limited access to legal materials, and limited capacity to try this case on his own. Therefore, the court will duly consider a timely-filed further request for appointment of counsel in which plaintiff sets forth his unique circumstances and specific needs for representation in this case. Exceptional circumstances supporting appointment of counsel include an evaluation of plaintiff's ability to advocate his claims in light of the complexity of the legal matters involved, and the likelihood of success on the merits of plaintiff's claims. Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

For these reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's March 30, 2012 motion to stay this action (Dkt. No. 117), is denied as moot;

2. The deadlines set forth in this court's March 19, 2012 Further Scheduling Order (Dkt. No. 116), shall remain in effect absent further order of this court; and

////
////
////
////
////

-2-

3.  The court will duly consider a further motion for appointment of counsel, particularly if filed and served by plaintiff within fourteen (14) days after service of this order.

DATED: April 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rios0790.aft.app.