IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

        Plaintiff,                  No. 2:07-cv-0790 WBS KJN P

   vs.

J.E. TILTON, et al.,

        Defendants.        ORDER

_____/

        On April 23, 2012, the undersigned informed plaintiff that the court would consider a further request for appointment of counsel in which plaintiff set forth his specific and unique needs for representation in this case, at this time. (Dkt. No. 119 at 2.)  The court acknowledged that plaintiff's previous motions for appointment of counsel were denied, based primarily on the adequacy of plaintiff's briefing, but noted that the current, pretrial posture of this case presents unique challenges.  Plaintiff responded by timely filing a new motion for appointment of counsel. (Dkt. No. 120.)

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

1

1  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
2  (9th Cir. 1990).  Exceptional circumstances supporting appointment of counsel include an
3  evaluation of plaintiff's ability to articulate his claims in light of the complexity of the legal
4  issues involved, and the likelihood of success on the merits of plaintiff's claims.  Agyeman v.
5  Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004).
6          This action has survived defendants' motion for summary judgment on one claim
7  against one defendant, a First Amendment retaliation claim against defendant Mayfield.  All that
8  remains in this action are the associated pretrial and trial proceedings, as well as any pertinent
9  settlement negotiations, if any.  Plaintiff is incarcerated in the Secure Housing Unit at California
10 State Prison-Corcoran, where he avers that his access to current legal materials and assistance is
11 significantly limited.  Plaintiff also avers that English is his second language, that he has a
12 limited education, and that he has been dependent on other inmates for legal assistance.
13 Moreover, plaintiff states that he has a hearing impairment, for which he wears hearing aids, and
14 that he suffers from glaucoma and asthma.  Plaintiff's physical limitations, combined with the
15 high level of security imposed on his incarceration, render it impracticable for plaintiff to
16 effectively represent himself at trial.  Plaintiff's education and access limitations underscore this
17 conclusion.  The court finds that these factors, taken together, warrant the appointment of counsel
18 for the limited purpose of representing plaintiff through the conclusion of this case.
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial and trial dates currently set forth in the Further Scheduling Order filed March 19, 2012 (Dkt. No. 116), are vacated pending further order of this court.

2. Plaintiff's motion for appointment of counsel (Dkt. No. 120), is granted. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment for the purpose of pursuing this action on plaintiff's behalf through all pretrial and trial proceedings.

SO ORDERED.

DATED: May 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rios0790.appt cnsl