IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

        Plaintiff,                    No. 2:07-cv-0790 WBS KJN P

   vs.

J.E. TILTON, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding in forma pauperis, with appointed counsel. Plaintiff previously represented himself in this action, including in opposition to defendants' motion for summary judgment filed November 19, 2010 (Dkt. No. 83), which this court granted in part on October 19, 2011 (Dkt. Nos. 100, 96). However, in light of the Ninth Circuit Court of Appeals' decision in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), applicable to all pending cases, this court recently accorded plaintiff the opportunity to reopen defendants' motion for summary judgment, or to waive the notice requirements set forth in <u>Woods</u>. (Dkt. No. 131.)  On November 26, 2012, plaintiff, through counsel,[1] informed the court that he chooses to reopen

---

[1] Although counsel was appointed for the "limited purpose" of representing plaintiff "through all pretrial and trial proceedings" (Dkt. No. 121 at 2, 3), the court construes counsel's participation in plaintiff's election as assent to represent plaintiff in opposition to defendants' renewed motion for summary judgment.  Should counsel disagree, they should promptly inform

1

defendants' motion for summary judgment.  (Dkt. No. 132.)

Therefore, in light of <u>Woods</u> and plaintiff's election, the court vacates in part the August 23, 2011 findings and recommendations (Dkt. No. 96), and the October 19, 2011 order adopting those findings and recommendations (Dkt. No. 100), granting in part defendants' motion for summary judgment; the portion of each decision upholding plaintiff's retaliation claim against defendant Mayfield shall remain intact.  Defendants shall, within thirty days after service of this order, file and serve a new motion for summary judgment that contains the contentions asserted in defendants' original motion for summary judgment, with the exclusion of any contention challenging plaintiff's claim against defendant Mayfield, and any other contention defendants no longer wish to pursue.  Although plaintiff is now represented by counsel, defendants shall, in an abundance of caution, contemporaneously serve with their motion, but in a separate document, a copy of the attached notice.  <u>See</u> <u>Woods</u>, 684 F.3d at 935; <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  Briefing on defendants' new motion for summary judgment shall be governed by Local Rule 230(l).

The reopening of the motion for summary judgment also requires that the court vacate the pretrial conference and jury trial dates scheduled before the undersigned, to allow time for briefing and resolution of the renewed motion.  The court will issue a revised scheduling order once the motion is resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 23, 2011 findings and recommendations (Dkt. No. 96), and the October 19, 2011 order adopting those findings and recommendations (Dkt. No. 100), are vacated in part.

2. Defendants' November 19, 2010 motion for summary judgment (Dkt. No. 83), shall remain denied in part; however, the court vacates the portion of its order granting in part

1 defendants' prior motion for summary judgment.

2     3.  Within thirty days after service of this order, defendants shall file a new
3 motion for summary judgment, as circumscribed herein, accompanied by the attached notice.

4     4.  The September 11, 2012 Further Scheduling Order (Dkt. No. 130), is vacated,
5 as are the deadlines for filing pretrial statements, the March 1, 2013 pretrial conference, and the
6 May 14, 2013 jury trial; a revised scheduling order will be issued after resolution of defendants'
7 renewed motion for summary judgment.

8 DATED:      November 28, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3

Rand Notice[2]

The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants a defendant's motion for summary judgment, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] This notice is provided to ensure that pro se prisoner plaintiffs "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).