TODD M. NOONAN (SBN 172962)
JOHN WHITTAKER (SBN 251791)
ASHLEY H. JOYCE (SBN 272549)
MEGAN A. SAMMUT (SBN 287772)
**DLA PIPER LLP (US)**
400 Capitol Mall, Suite 2400
Sacramento, CA  95814
Telephone:	916.930.3200
Facsimile:	916.930.3201
john.whittaker@dlapiper.com

Attorneys for Plaintiff
RENO FUENTES RIOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>            Plaintiff,<br><br>     v.<br><br>J.E. TILTON, et al.,<br><br>            Defendants. | CASE NO.  2:07-cv-00790 KJN P<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Subject to the approval of the Court, and pursuant to the Court's September 3, 2014 Pretrial Order providing that the parties submit a stipulated protective order to provide for the submission of certain confidential source information to the Court *in camera* and to Plaintiff's counsel, the undersigned parties through their counsel of record stipulate that the provisions of this Protective Order shall apply to the confidential materials described below.

1.  This Order covers the following materials:

    (a)  The five confidential source items and all supporting confidential information upon which CDCR employees relied in validating Plaintiff as a prison gang associate, which have been ordered to be submitted to the Court *in camera*, and which have not been previously produced to Plaintiff;

(b)     All declaration(s) that might be submitted by Defendants in connection with the *in camera* review specified in item (a);

(c)     All deposition testimony or oral argument regarding items (a) or (b);

(d)     All motions, exhibits and attachments thereto, and hearings regarding items (a) or (b), including, but not limited to, any *in camera* review of items (a) or (b) and any briefing submitted by either party in connection with any *in camera* review of items (a) or (b); and

(e)     All court testimony regarding items (a) or (b).

Defendants assert that these materials have been deemed confidential by the California Department of Corrections ("CDCR") for safety and security reasons and have been restricted from general distribution, including, but not limited to, inmates, parolees, and the public.

2.      All documents and information falling within one or more of the categories enumerated in Paragraph 1 shall be designated as "Confidential -- Attorneys Eyes Only" and subject to this Protective Order.  Such material is referred to herein as "Confidential Material." All documents containing Confidential Material shall be marked "Confidential – Attorneys' Eyes Only" on each page, and marked in such a fashion so as not to obscure any of the underlying content of the document(s).  Any failure to mark appropriate documents containing Confidential Material as "Confidential – Attorneys' Eyes Only" shall not operate as a waiver of the protections provided under this Protective Order.  In such event, after the failure is discovered, the party discovering the failure shall promptly notify the other party of such failure, and the producing party shall take all necessary steps to ensure that the Confidential Material is correctly marked as "Confidential – Attorneys' Eyes Only."

3.      Confidential Material may be disclosed only to the following persons:

(a)     The Court, and court personnel and court reporters employed by the Court who are involved in proceedings in this action;

(b)     Counsel for Plaintiff;

(c)     Paralegal, clerical, and secretarial personnel regularly employed by counsel for Plaintiff and designated by counsel for Plaintiff to review or handle such materials; and

       (d)      Any other person as to whom Plaintiff's counsel and Defendants in writing agree.

4.      This Stipulated Protective Order is intended to, and does preclude, counsel for Plaintiff and the individuals mentioned in Paragraph 3, subsections (a)-(d) from disclosing Confidential Material to Plaintiff, members of Plaintiff's family, friends or associates of Plaintiff, any inmate or parolee, or to the public.

5.      Each person listed in Paragraph 3 subsections (c) and (d) to whom disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided with a copy of the Stipulated Protective Order and execute a non-disclosure agreement.  (See attached Non-Disclosure Agreement ("NDA")).  As provided in the NDA, such persons must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to the enforcement of this Stipulated Protective Order. They must additionally agree to maintain Confidential Material, including copies, notes, or other transcriptions made from the Confidential Material, in a secure manner to prevent unauthorized access.  Finally, they must agree to return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Plaintiff within thirty days after conclusion of this action.  Executed non-disclosure agreements shall be retained by counsel for Plaintiff and made available for inspection by Defendants' counsel upon order of the Court.

6.      If counsel for Plaintiff wishes to disclose Confidential Material to any person not enumerated above in Paragraph 3, subsections (a)–(d), including, but not limited to Plaintiff, counsel for Plaintiff must first submit a separate application for limited disclosure to the Court under seal, and serve same to Defendants' counsel.  The disclosure of Confidential Material to any person not enumerated in Paragraph 3 subsections (a)–(d), shall be withheld unless and until ordered by the Court upon a finding of good cause.

7.      No person who has been afforded access to Confidential Material under this Protective Order shall disclose or discuss the Confidential Material except as is necessary for the prosecution, defense, or settlement of this litigation, and then only in accordance with Paragraph 3 of this Order.

8. If counsel for Plaintiff seeks to depose, interview, or otherwise contact any confidential informant or other inmate or parolee whose name appears on any Confidential Material, and whom Plaintiff's counsel first discovered through such Confidential Material, then Plaintiff's counsel must secure the written agreement of Defendants' counsel or further order from the Court.

9. Counsel for Plaintiff and persons listed in Paragraph 3, subsection (c), shall not make copies of the Confidential Material obtained by them, except as is necessary for the purpose of this litigation. Counsel for Plaintiff will maintain control over all Confidential Material and copies obtained by them.

10. Unless counsel otherwise agreed in writing, when Confidential Material is included in any papers to be filed in Court, the party seeking to file such papers shall file a Motion to File Under Seal in accordance with and to the extent allowable by the Eastern District of California Local Rules, and lodge such papers with the Clerk as required under the Eastern District of California Local Rules.

11. All Confidential Material obtained by counsel for Plaintiff shall be used solely in connection with this litigation and not for any other purpose.

12. No later than thirty days after the conclusion of the trial and any appeal, or upon other termination of this litigation, all originals of items (a) and (b) of Paragraph 1 obtained by counsel for Plaintiff shall be either destroyed or returned to counsel for Defendants, at the direction of Defendants' counsel. All other Confidential Materials in the possession of counsel for Plaintiff shall be destroyed.

13. The limitations on access to Confidential Material contained in the foregoing provisions of this order do not apply to Defendants, their counsel, employees, or representatives. Nothing in the protective order is intended to prevent officials or employees of the State of California or authorized governmental officials from having ordinary and usual access to Confidential Material to which they could have access in the normal course of their official duties. Neither the filing with the Court of motions, exhibits, or attachments containing personal or otherwise confidential information about any individual Defendant nor the service on

Defendants' counsel of such motions, exhibits, or attachments, shall be deemed to constitute disclosing Confidential Material to any individual Defendant in violation of the terms of this stipulated protective order.

14. The provisions of this protective order are without prejudice to the right of any party to apply to the Court for a further protective order relating to any Confidential Material in the litigation, or to apply to the Court for a modification of this order or for any order permitting disclosure of Confidential Material beyond the terms of this order.

15. The provisions of this order shall remain in force and effect until further order of this Court.

16. Should Plaintiff's counsel, or any individual mentioned in Paragraph 3 of this Order, fail to comply with any provisions of this Protective Order, the Court may, in its discretion, impose sanctions on the appropriate party including, but not limited to, those applicable as listed in Federal Rule of Civil Procedure 37(b)(2).

**SO STIPULATED.**

Dated: September 10, 2014    DLA PIPER LLP (US)

By:    /s/ John S. Whittaker
JOHN S. WHITTAKER
Attorneys for Plaintiff

Dated: September 10, 2014    By:    /s/ David A. Carrasco (authorized on 9/10/14)
DAVID A. CARRASCO
Deputy Attorney General
Office of the California Attorney General
Attorney for Defendants

**APPROVED AND SO ORDERED.**
Dated: September 15, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# **NON – DISCLOSURE AGREEMENT**

*Rios v. Tilton, et al., Case No. 2:07-cv-00790*

I, _____, hereby certify my understanding that
       (print name)

Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, *Rios v. Tilton, et al*., case number 2:07-cv-00790. I have been given a copy of the Protective Order and have read it. I agree to be bound by the Protective Order and will not reveal the Confidential Material to anyone, except as allowed by the Order. I will maintain all such Confidential Material that is provided to me, including copies, notes, or other transcriptions made from the materials, in a secure manner to prevent unauthorized access to it. No later than thirty days after the conclusion of this action, I will return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Plaintiff. I hereby consent to the jurisdiction of the United States District Court of the Eastern District of California for the purpose of enforcing the Protecting Order.

DATED: _____      _____
                                                                             Signature