1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RENO FUENTES RIOS,                        No.  2:07-cv-0790 KJN P

12                  Plaintiff,

13         v.                                   ORDER

14   J.E. TILTON, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding through appointed counsel, with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  He proceeds against three defendants on claims related to

19   his validation as an associate of a prison gang while housed at California State Prison-Sacramento

20   ("CSP-Sac").[1]  Defendants Brandon and Parker are alleged to have violated plaintiff's procedural

21   due process rights under the Fourteenth Amendment, while defendants Parker and Mayfield are

22   alleged to have retaliated against plaintiff for exercising his First Amendment right to file prison

23   grievances.

24        On January 15, 2015, the parties appeared before the court for a pretrial conference.

25   Pursuant to court order, the parties previously filed a joint statement that addressed:  (i) suggested

26   modifications to the Amended Pretrial Order, filed September 19, 2014 (ECF No. 171);

27

28   [1] Plaintiff is currently housed at Kern Valley State Prison.

1

(ii) whether a further settlement conference should be scheduled in the action; (iii) dates on which the parties would not be available for a settlement conference and five-day trial; and (iv) other matters the parties considered relevant.

Having reviewed the parties' joint statement, and in light of the agreements, discussion and views expressed at the pretrial conference, IT IS HEREBY ORDERED THAT:

1. Plaintiff may proceed with his retaliation claims against defendants Parker and Mayfield.[2]

2. Plaintiff will be permitted to call prisoner Asofa Tafilele as a witness at trial.  The court hereby reopens discovery for 60 days for the limited purpose of allowing defendants to take Mr. Tafilele's deposition if they so choose.  Plaintiff's counsel is cautioned that, before calling Mr. Tafilele as a witness, they should ascertain (i) whether Mr. Tafilele has firsthand knowledge of the events regarding which he will testify, (ii) the reason(s) why Mr. Tafilele's memory of events that took place nearly nine years ago is reliable, and (iii) whether Mr. Tafilele was present and able to observe all events involving plaintiff during the time period covered by his anticipated testimony.

3. Plaintiff will not be permitted to obtain visitor log records for the administrative segregation unit at CSP-Sac for the dates of June 7 and 8, 2006, as it appears to the court that plaintiff has waited too long to reopen discovery for the purpose of obtaining these documents, and the additional potential discovery that they would necessitate.

---

[2] In so ruling, the court follows the Ninth Circuit's opinion in Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003).  In light of Bruce, defendants cannot assert that plaintiff's "validation served a legitimate penological purpose, even though he may have *arguably* ended up where he belonged." Id. at 1289 (emphasis in original) (citing Rizzo v. Dawson, 778 F.3d 527, 532 (9th Cir. 1985)). Accordingly, defendants may not seek to introduce either (i) the evidence used to validate plaintiff as a gang associate, or (ii) the court's finding that plaintiff was validated on the basis of "some evidence" in order to argue that the validation served a "legitimate penological purpose," and therefore, that they are exempt from liability for retaliation.  Defendants should not attempt to re-open this issue in responding to the court's order herein.  Nevertheless, there may be other legitimate purposes for introducing this information, and it is hoped that the parties will explore this topic in their briefing.

4.  The court will not order the parties to conduct a further settlement conference at this time.  However, the parties may file a joint stipulation seeking a settlement conference at any time before trial.  The stipulation should set forth proposed dates for a settlement conference and indicate whether the parties would waive disqualification of the undersigned to sit as settlement judge.

5.  The parties are to brief the court regarding the following matters, and any others that they believe will be helpful to conducting trial in this matter:[3]

   a.  What are the parties' views on trial bifurcation, with the jury initially considering the issue of defendants' liability on plaintiff's procedural due process and retaliation claims, and if liability is found, only then considering the issue of damages?[4]

   b.  What confidential material currently filed under seal with the court does plaintiff seek to introduce at trial, for what purpose, with what proposed redactions, if any, and what special procedures, if any?  If plaintiff is permitted to introduce some or all of this material at trial, what documents, other evidence, or limiting instructions would defendants seek to introduce in response, and why?  How would trial bifurcation change the parties' views on this subject, if at all?

   c.  Should the jury be instructed regarding the court's previous finding that plaintiff's validation as a gang associate satisfied the "some evidence" standard, and if so, why?  How would trial bifurcation change the parties' view on this subject, if at all?

   d.  If the jury finds for the plaintiff on his procedural due process claim, what are appropriate remedies:  a new validation hearing, nominal damages,

---

[3]  With regard to all of the issues to be addressed by the parties, the parties are strongly encouraged to address possible alternatives in the event the court does not accept a party's preferred alternative or approach concerning any topic.

[4] The court is of the view that if plaintiff seeks only nominal damages and an order releasing him from the SHU, then bifurcation would be unnecessary.

1    compensatory damages, and/or some form of injunctive relief?

2        e.  If the jury finds for the plaintiff on his retaliation claim, what are appropriate

3            remedies:  a new validation hearing, nominal damages, compensatory

4            damages, and/or some form of injunctive relief?

5        f.  If the jury finds for the plaintiff on either his procedural due process claim or

6            his retaliation claim, can the jury award compensatory damages for the time

7            plaintiff has spent in the SHU, and if so, on what basis?

8    Plaintiff is directed to file his initial brief no later than sixty days after docketing of

9    this order.  Defendants are directed to file their opposition no later than forty-five days

10   thereafter.  Plaintiff may file a reply no later than fourteen days after the filing of

11   defendants' opposition.  The parties are encouraged not only to cite legal authority

12   (including procedures used in other courts that have tried similar cases) in support of

13   their respective positions, but also set forth their views on how particular procedures

14   would facilitate a fair and efficient trial.  The court also requires that the parties meet

15   and confer at least once either prior to or soon after plaintiff's filing his initial brief in

16   an attempt to identify points of agreement, and to file a stipulation regarding any

17   matters that are agreed upon.

18   Once the parties have submitted their briefs and any stipulations, the court will set a

19   date for a hearing and further pretrial conference.

20   Dated:  January 22, 2015

21

22                                    _____
                                      KENDALL J. NEWMAN
23   / rios0790.status.order          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28