UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>J.E. TILTON, et al.,<br><br>    Defendants. | No.  2:07-cv-0790 KJN P<br><br><u>ORDER OF CLARIFICATION</u> |

Plaintiff is a state prisoner, proceeding through appointed counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds against three defendants on claims related to his validation as an associate of a prison gang while housed at California State Prison-Sacramento ("CSP-Sac").[1]  Plaintiff alleges procedural due process claims against defendants Brandon and Parker, and retaliation claims against defendants Parker and Mayfield.

On January 15, 2015, the parties appeared before the court for a pretrial conference. On January 22, 2015, the court issued an order that decided certain issues raised at the pretrial conference, and directed the parties to provide further briefing on matters relating to the conduct of trial herein.  ("January 22 Order," ECF No. 189.)

////

---

[1] Plaintiff is currently housed at Kern Valley State Prison.

1

Presently before the court are defendants' objections to the January 22 Order (ECF No. 190), and plaintiff's responses to these objections (ECF No. 191).

In reviewing defendants' objections, it appears that defendants may have misconstrued the substance of provision no. 1 and footnote no. 2 in the January 22 Order. Provision no. 1 states:

> 1. Plaintiff may proceed with his retaliation claims against defendants Parker and Mayfield.[2]

(January 22 Order, ECF No. 189 at 2.) The accompanying footnote 2 provides:

> In so ruling, the court follows the Ninth Circuit's opinion in Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003). In light of Bruce, defendants cannot assert that plaintiff's "validation served a legitimate penological purpose, even though he may have *arguably* ended up where he belonged." Id. at 1289 (emphasis in original) (citing Rizzo v. Dawson, 778 F.3d 527, 532 (9th Cir. 1985)). Accordingly, defendants may not seek to introduce either (i) the evidence used to validate plaintiff as a gang associate, or (ii) the court's finding that plaintiff was validated on the basis of "some evidence" in order to argue that the validation served a "legitimate penological purpose," and therefore, that they are exempt from liability for retaliation. Defendants should not attempt to re-open this issue in responding to the court's order herein. Nevertheless, there may be other legitimate purposes for introducing this information, and it is hoped that the parties will explore this topic in their briefing.

(Id. at 2 n. 2.) Defendants object to the content of footnote 2, contending that the court "made the ruling without providing notice and a chance to be heard" (ECF No. 190 at 1) and further, that defendants "Mayfield and Parker must be permitted to present evidence that the motivation behind Plaintiff's gang validation was the evidence of his gang validation . . . [and therefore, that it] would be grossly unfair and prejudicial to Mayfield and Parker to prohibit them from doing so." (Id. at 5).

Provision 1 and footnote 2 were issued in response to an argument raised by defendants in the parties' Joint Statement In Advance of Pretrial Conference. (ECF No. 187.) Defendants therein argued that "in light of the Court's ruling that Plaintiff's validation was supported by 'some evidence,' and therefore satisfied federal due process standards, Plaintiff can no longer assert claims of retaliation against Defendants Mayfield and Parker, or obtain relief from these claims." (Id. at 9.) Defendants added: "[I]n light of the court's ruling, Plaintiff cannot establish an element of his claims against Defendant Mayfield and Parker, namely that his validation did

2

1    not reasonably advance a legitimate penological purpose." (Id. at 10.)

2         Footnote 2 is merely a response to this argument. Once the court had determined that

3    plaintiff could proceed on his retaliation claim, it logically followed that defendants would be

4    precluded from introducing the evidence and finding in question "in order to argue that the

5    validation served a 'legitimate penological purpose,' and therefore, that they are exempt from

6    liability for retaliation." (January 22 Order, ECF No. 189 at 2 n.2 (emphasis added).)

7         To clarify, defendants are only precluded from arguing that the existence of a legitimate

8    penological purpose for the validation exempts them, as a matter of law, from liability for

9    retaliation. This is an argument that was raised and briefed by defendants in the Joint Statement,

10   and has been decided by the court. For this reason, the court included in the footnote the

11   statement, "Defendants should not attempt to re-open this issue in responding to the court's order

12   herein." (Id.) As demonstrated both by the remainder of the footnote (which provides, "[T]here

13   may be other legitimate purposes for introducing this information, and it is hoped that the parties

14   will explore this topic in their briefing"), and from the provisions of the January 22 Order inviting

15   further briefing (e.g., "Should the jury be instructed regarding the court's previous finding that

16   plaintiff's validation as a gang associate satisfied the 'some evidence' standard, and if so, why?"),

17   the court has made no further determination as to whether the underlying evidence or the

18   validation finding may be admitted for other purposes at trial. Furthermore, the January 22 Order

19   gives defendants ample notice and opportunity to brief the issue of how the evidence and finding

20   ought to be handled at trial.

21        Therefore, for the reasons set forth above, the court declines to modify its Order filed

22   January 22, 2015. IT IS SO ORDERED.

23   Dated:  February 26, 2015

24

25                                 KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

26   / rios0790.clarify

27

28