KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
RENE L. LUCARIC, State Bar No. 180005
Supervising Deputy Attorney General
DAVID A. CARRASCO, State Bar No. 160460
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-6334
  Fax:  (213) 897-7604
  E-mail:  David.Carrasco@doj.ca.gov
*Attorneys for Defendants*
*Brandon, Parker and Mayfield*

c

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **RENO FUENTES RIOS,**<br><br>Plaintiff,<br><br>v.<br><br>**J.E. TILTON, et al.,**<br><br>Defendants. | 2:07-cv-00790 KJN<br><br>**DEFENDANTS' BRIEF ON TRIAL ISSUES**<br><br>Trial Date:  Not Set<br>Action Filed:  May 20, 2008 |

## INTRODUCTION

In accordance with the Court's Order of January 22, 2015 (ECF No. 180), Defendants submit this brief addressing the several trial issues concerning jury instructions, whether and to what extent confidential material should be introduced at trial, the damages available to Plaintiff if the jury finds Defendants liable on Plaintiff's claims.

Plaintiff is claiming that Brandon and Parker violated his due process rights and that Parker and Mayfield retaliated against him.  The jury needs to be instructed on the elements of each claim, the Court's ruling on the element that the Court has already adjudicated—whether some evidence supported Plaintiff's gang validation—and the issues that remain for the jury to decide. The Court's finding that "some evidence" supported Plaintiff's gang validation was based on the

1

review of five confidential source items.  The Court should not permit Plaintiff to present to the jury some of these confidential source items unless the jury is informed of all source items, so that the jury does not give overly disproportionate weight to the one or two source items Plaintiff wants to show the jury.

Under the Prison Litigation Reform Act, if the jury finds one or more Defendants is liable, Plaintiff's damages will be limited to only nominal damages for the due-process claim, and to compensatory damages other than emotional or mental harm, or nominal damages, on the retaliation claims.  Defendants agree with the Court that bifurcation of trial for damages is unnecessary if Plaintiff seeks only nominal damages.  But if a trial is required to determine compensatory damages and punitive damages, bifurcation is appropriate.

## DISCUSSION

### A. The Court should instruct the jury on the elements of Plaintiff's claims that he must prove to prevail on his claims, that "some evidence" supported Plaintiff's gang validation, and the issues that the jury will need to decide.

Plaintiff is claiming due-process violations against Brandon and Parker, and retaliation claims against Parker and Mayfield.  The Court should therefore instruct the jury on each element of these claims.

Concerning the due-process claim, the Court should instruct the jury that the Court has adjudicated one of the elements of this claim—whether "some evidence" supported Plaintiff's validation as a prison-gang associate—and found that four of the five source items each met the "some evidence" standard.  The Court should then instruct the jury on the issue that remains for it to decide—whether Plaintiff was afforded adequate notice and chance to be heard.

Similarly, the Court should instruct the jury on the five elements of a retaliation claim, and that Plaintiff may be able to show retaliation even if he cannot satisfy one of the elements—that the adverse action served a legitimate penological purpose—if he can show that his validation was a cover or ruse to silence and punish Plaintiff because he filed grievances.  The Court should also instruct the jury that the first two elements that are not in dispute:  Submitting a grievance is protected activity, and initiating a prisoner's gang validation is an adverse action.  And the Court

2

1    should instruct the jury on the issues that remain for it to decide concerning the retaliation claims.

2    (*See* attached proposed jury instructions for the due-process and retaliation claims.)

3        Plaintiff seeks to present two of the confidential source items to the jury to show that

4    Brandon  validated him as a gang associate merely as a pretext to punish him for filing grievances.

5    According to Plaintiff, the two source items are probative of his retaliatory motive in validating

6    Plaintiff as a gang associate.  At the same time, however, Plaintiff requests that the Court should

7    keep the jury in the dark concerning the Court's findings that each of four of the five source items

8    supporting the validation met the some evidence standard, because "these findings are irrelevant

9    to Plaintiff's remaining claims for retaliation. . . ."  Plaintiff is mistaken and the Court should

10   reject his request.

11       Contrary to Plaintiff's contention, the Court's findings on whether the source items

12   consisted of some evidence of Plaintiff's gang association is relevant to whether retaliation

13   Parker's motive for Plaintiff's gang validation.  "Evidence is relevant if it has any tendency to

14   make a fact more or less probable than it would be without the evidence; and the fact is of

15   consequence in determining the action."  Fed. R. Evid. 401.  The fact that some evidence

16   supported Plaintiff's gang validation is relevant not merely to show that Plaintiff's gang

17   validation served a legitimate penological purpose; it is relevant to show that Plaintiff's validation

18   was not a ruse or cover to punish him for filing grievances.[1]  And thus the Court's findings on all

19   the source items are relevant to the disputed elements of Plaintiff's retaliation claims.

20       Although not dispositive of Defendants' motivation at the time the validation package was

21   submitted, the findings that four of five source items—each amounting to "some evidence" and

22   each, by itself, sufficient to supporting Plaintiff's gang validation—tend to make more probable

23   the fact that Defendants' conduct to validate Plaintiff as a gang associate served a legitimate

---

24       [1]  Defendants are mindful of the Court's admonishment that Defendants "may not seek to
25   introduce either (i) the evidence used to validate Plaintiff as a gang associate, or (ii) the Court's
     finding that Plaintiff was validated on the basis of 'some evidence' in order to argue that the
26   validation served a 'legitimate penological purpose,' and therefore that they are exempt from
     liability. "  (Order, p. 2 n.2, Jan. 22, 2015, ECF 189.)  Defendants are not arguing here to do
27   otherwise.  But the Court should provide the jury with sufficient information to permit them to
     fairly assess Plaintiff's claims and the evidence presented in support of those claims.
28

3

1    prison purpose, and make less probable that Defendants were motivated by a desire to punish

2    Plaintiff for filing grievances.  If Plaintiff presents only two source items to the jury, and the jury

3    is kept ignorant of the other source items, the jury is likely to give disproportionate weight to the

4    two source items that are presented.  Defendants would be unfairly prejudiced if the Court

5    permits this to occur.

6    Furthermore, the probative value of this evidence is not substantially outweighed by the

7    prejudice to Plaintiff.  Fed. R. Evid. 403.  Whatever prejudice Plaintiff may suffer would not be

8    undue because the source items supported his validation as a gang associate.  On the other hand,

9    the source items are highly probative because they bear on whether Plaintiff's validation was a

10   mere pretext.  There is also no risk of wasting time because the Court need only instruct the jury

11   as to its finding before and after the close of evidence.

12   Plaintiff cites *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003), in support of his argument that

13   the jury should not learn of any source items other than the two he wants to present to show

14   Parker's alleged retaliatory motive.  In *Bruce*, the district court granted prison officials' summary-

15   judgment motion on a prisoner's retaliation claim that he was validated as a gang member in

16   retaliation for filing grievances.  351 F.3d at 1288.  The Ninth Circuit reversed, finding that

17   evidence presented by plaintiff in opposition to the summary judgment motion raised triable

18   issues.  *Id.* at 1289 (stating its decision "comports with other circuits holding that prison officials

19   may not defeat a retaliation claim *on summary judgment* simply by articulating a general

20   justification for a neutral process, when there is a genuine issue of material fact as to whether the

21   action was taken in retaliation for the exercise of a constitutional right."  *Id.* (emphasis added).

22   But *Bruce* did not hold that evidence showing that a prisoner-plaintiff's gang validation was

23   supported by some evidence and served a valid penological purpose should be excluded at trial

24   merely because the plaintiff can present other evidence showing that the gang validation was a

25   pretext for unlawful retaliatory punishment.  In this case, unlike *Bruce*, the Court is not reviewing

26   a ruling on a motion for summary judgment; rather, it is considering whether evidence should be

27   introduced at trial to a jury for its consideration of whether Plaintiff's validation served a valid

28   penological purpose or was merely a pretext to punish him for exercising his constitutional right

4

1  to file grievances.  In light of *Bruce*, that some evidence supported Plaintiff's gang validation is

2  not dispositive of Plaintiff's retaliation claims because Plaintiff may be able to show that his

3  validation was a mere ruse.  But *Bruce*'s holding does not require or permit excluding this Court's

4  findings four of the five source items used to validate Plaintiff consisted of "some evidence."

5        Since *Bruce*, the Ninth Circuit has repeatedly held that to assert a claim for retaliation, a

6  prisoner-plaintiff must prove that his filing of grievances was the substantial or motivating factor

7  behind his gang validation.  *See, e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

8  (setting forth the five elements a prisoner must prove to prevail on a claim for retaliation);

9  *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (holding that a plaintiff "must allege

10  that the prison authorities' retaliatory action did not advance legitimate goals of the correctional

11  institution . . . by alleging, in addition to a retaliatory motive, that the defendant's actions were

12  arbitrary and capricious, or that they were unnecessary to the maintenance of order in the

13  institution.") (internal citations and quotation marks omitted)

14        Here, Plaintiff seeks to present evidence that the motivation behind his gang validation

15  were the grievances he submitted that involved Parker and Mayfield.  To counter Plaintiff's

16  evidence, Defendants must be permitted to present evidence that the motivation behind Plaintiff's

17  gang validation was the evidence of his gang affiliation—the confidential source items that this

18  Court found comported with the federal standard.  It would be grossly unfair and prejudicial to

19  Mayfield and Parker to prohibit them from doing so.

20        The Court should therefore inform the jury of its findings that four of the five source items

21  met the "some evidence" standard; that based on these findings, the Court has already adjudicated

22  part of Plaintiff's due-process claim; and that the jury may consider the findings on the source

23  items as circumstantial evidence of the remaining elements of Plaintiff's retaliation claims—

24  whether Plaintiff was validated as a gang associate because of his protected conduct or to serve a

25  valid penological objective.

26  / / /

27  / / /

28  / / /

**B.  The Court should not permit Plaintiff to present to the jury some of the confidential source items used to validate Plaintiff as a prison gang affiliate unless the jury is informed of all source items used to validate him.**

Plaintiff seeks to introduce redacted versions of two of the confidential source items used to validate Plaintiff.  (Pl.'s Br. 3:4-7.)  Irrespective of any request by Plaintiff for permission to present confidential source items to the jury, the Court should inform the jury its findings that four of five source items each provided some evidence for Plaintiff's validation.  This information is relevant to whether Defendants validated Plaintiff as a cover to punish him, and thus essential to the jury's fair determination of this issue.  But if the Court declines to adopt Defendants' proposed instructions concerning the confidential source items, the Court should not permit Plaintiff to refer to or present to the jury any of the confidential source items.

Assuming the Court adopts Defendants' proposed jury instructions on the source items, Defendants are agreeable to presenting one of the confidential source items— a redacted version of the confidential memorandum, dated June 1, 2006, by Parker (Pl.'s Br. 3:22).  But Defendants request that the attachments to the memorandum also be admitted for completeness.  Fed. R. Evid. 106.  Defendants also request that both the memorandum and attached exhibits be published for the jury's eyes only.

Plaintiff wants to present another source item—a redacted version of the confidential memorandum, dated March 25, 2003—to show that Parker had a retaliatory motive in validating Plaintiff as a gang associate.  According to Plaintiff, this source item was outside the regulatory time limit.  Defendants will stipulate to the date of this source item and have no objection to informing the jury of stipulated fact.  But lacking any other reason to present the source items, Defendants object to the introduction of the underlying memorandum, even in redacted form. The Court should therefore deny Plaintiff's request to introduce of the confidential memorandum of March 25, 2003.

/ / /

/ / /

/ / /

6

**C. Plaintiff may recover only nominal or compensatory damages, but is not entitled to damages for mental or emotional harm without a showing of physical injury or for the time he spent in SHU as a result of his gang validation.**

**1. Plaintiff many not recover damages for emotional or mental harm because he suffered no physical injury as a result of Defendants' alleged conduct.**

Under the Prison Litigation Reform Act, "No federal civil action may be brought by a prisoner confided in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

A minority of circuits have held that § 1997e(e) bars any civil-rights action that does not allege a physical injury. *See Davis v. District of Columbia*, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (holding prisoner's right-to-privacy claim barred under § 1997e(e) absent physical injury) (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978) (damages other than nominal damages require compensable injury)); *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (en banc) (holding that the language "no action shall be brought" operates as a bar to a prisoner's civil-rights action for "shakedown" absent physical injury).

The majority of circuits, including the Ninth Circuit, adopt the better view that First Amendment or Fourteenth Amendment claims that do not allege physical injury are not barred by § 1997e(e) when the prisoner is seeking compensatory, nominal, or punitive damages not premised on alleged emotional or mental distress. *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury . . . ."); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) (holding that § 1997e(e) did not bar claim premised on violations of Fourteenth Amendment and not on any alleged mental or emotional injuries) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 250-51 (3d Cir. 2000) (holding prisoner's § 1983 action seeking punitive damages for alleged First Amendment violations were not barred by PLRA, while affirming dismissal of claim for mental and emotional injury); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (holding that prisoner's § 1983 First Amendment claim did not preclude recovery of compensatory damages without a showing of a physical injury because § 1997e(e) applied only to claims for mental or emotional injury).

7

*Canell*, *Oliver*, and other opinions of the same view are correct in permitting prisoners to proceed with a First Amendment or Fourteenth Amendment claim for compensatory or punitive damages without showing a physical injury because the deprivation of constitutional rights "entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Canell*, 143 F.3d at 1213; *Allah*, 226 F.3d at 251 (barring claim for damages resulting from emotional harm absent physical injury).  No circuit, however, has held that a prisoner may recover damages for emotional or mental distress absent a prior showing of a physical injury.  Any such holding would be contrary to 1997e(e).

Plaintiff contends that he does not have to show physical injury resulting from Defendants' retaliation to recover compensatory damages for mental or emotional injuries.  (Pl.'s Br. 11:20-21.)  In support of this contention, Plaintiff quotes this sentence from *Canell*:  "[the PLRA] does not apply to First Amendment Claims regardless of the form of relief sought."  143 F.3d at 1213.  Based on this sentence, Plaintiff concludes that "he can collect compensatory damages for any injury caused by Defendants' unlawful retaliation, including mental and emotional harm."  (Pl.'s Br. 11:28-12:1.)

But Plaintiff does not explain how he arrives at his conclusion from the sentence he quotes from *Canell*.  Nor does Plaintiff bother to explain how such a conclusion comports with the limitations imposed by § 1997e(e).  Aside from quoting the snippet from *Canell*, Plaintiff gives no discussion to this case.  And a reading of *Canell* shows that Plaintiff's reliance on it is misplaced.

The plaintiff in *Canell* did not even assert a claim for damages resulting from emotional or mental harm.  143 F.3d at 1213.  Rather, the *defendants* argued on appeal that § 1997e(e) barred the plaintiff's action "because he [was] alleging only 'mental or emotional injury' without the requisite physical injury."  *Id.*  The court rejected the defendants' argument after concluding that "[t]he deprivation of first Amendment rights entitles a plaintiff to judicial relief *wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred.*"  *Id.*(emphasis added).

1    Under the holdings of *Canell* and *Oliver*, and host of other federal courts in different

2 circuits, § 1997e(e) bars Plaintiff's due-process and retaliation claims in this case, because he

3 may recover compensatory damages "wholly aside from any physical injury he can show, or any

4 mental or emotional injury he may have occurred." *Canell*, 143 F.3d at 1213.  But Plaintiff may

5 not recover damages for alleged emotional or mental harm because he has not alleged and cannot

6 show that he suffered any physical injury as a result of Defendants' conduct.

7
       **2. Plaintiff many not recover damages for the time he spent in SHU as a
          consequence of his gang-validation.**
8

9    If Plaintiff prevails on his due-process claim, his only remedy is to have the procedural

10 defect corrected.  *Carey v. Piphus*, 435 U.S. 247, 263 (1978); *Raditch v. United States*, 929 F.2d

11 478, 481 (9th Cir. 1991); *Stewart v. Alameida*, 418 F. Supp. 2d 1154, 1166 (applying *Raditch* in

12 gang-validation case and finding no due-process denial where an inmate who was denied due

13 process during the validation proceedings later presented his views to an IGI who affirmed the

14 validation decision).  And if Plaintiff prevails on his retaliation claim, he cannot recover for the

15 time spent in SHU because his validation was supported by some evidence.  Hence, Plaintiff may

16 not recover damages for his placement in SHU.

17    Plaintiff cites several cases in support of his contention that he can recover damages for his

18 placement in SHU.  (Pl.'s Br. 11:7-15.)  But some of the cited cases do not concern prisoners and

19 thus are inapposite because the limits imposed by § 1997e(e) do not apply.  *See Memphis*

20 *Community School Dist. v. Stachura*, 477 U.S. 299 (1986) (holding that teacher may recover

21 compensatory damages for emotional injury in civil-rights action); *Carey*, 435 U.S. at 264 (1978)

22 (holding that students may recover damages for emotional distress in civil-rights action).

23    In other cases, Plaintiff misrepresents the holding.  For example, in *Reyes v. Horel*, Case

24 No. 5:08-cv-04561, ECF No. 166, a nonpublished nonbinding order from the Northern District,

25 the court held that the plaintiff's ability to recover damages for his confinement in SHU

26 "depended on whether the deprivation was justified." *Id.* 2:22-23.  Plaintiff misrepresents this

27 case as holding that compensatory damages are appropriate for a deprivation as a result of a due-

28 process violation, regardless of whether the deprivation was justified.  (Pl.'s Br. 10-13.)  And the

9

1    other case Plaintiff cites is distinguishable. *See Hazle v. Crofoot*, 727 F.3d 983, 991-92 (9th Cir.

2    2013) (holding that prisoner whose parole was improperly revoked as a result of his atheism was

3    entitled to recover for unconstitutional incarceration).

4        Plaintiff also contends the may recover compensatory damages for his placement in SHU if

5    he prevails on his retaliation claims.  (Pl.'s Br. 12-13.)  In support of this contention, Plaintiff

6    cites *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988 (9th Cir. 2014).  In *Brown*, the plaintiff

7    had experienced atypical and significant hardships in the "intensive management unit" of the

8    prison for twenty-seven months, without review of his confinement.  *Id.*  The Ninth Circuit held

9    that such conditions implicated a protected liberty interest but said nothing concerning the

10    compensatory damages that the plaintiff could recover.  Moreover, the Ninth Circuit affirmed the

11    summary judgment for the defendants because the law was not clearly established.  *Id.* at 989.

12        Here, unlike in *Brown*, Plaintiff has never alleged that he was placed in SHU without

13    review.  And the law was no more clearly established in 2006, when Plaintiff was validated as a

14    gang associate, than it was when *Brown* was decided.  Hence, *Brown* provides scant, if any,

15    support for Plaintiff's contention that he is entitled to compensatory damages for his placement in

16    SHU.

17        Some evidence supported Plaintiff's validation as a gang associate, so Plaintiff's placement

18    in SHU was justified.  The required notice and chance to be heard concerning Plaintiff's gang

19    validation, if defective, would be corrected without changing Plaintiff's status as a validated gang

20    associate.  Therefore, Plaintiff may not recover compensatory damages for the time he was

21    confined in SHU as a result of his gang validation.

22        **E.  The trial need not be bifurcated if Plaintiff may recover only nominal damages,**
               **but trial should be bifurcated it Plaintiff seeks compensatory damages or punitive**

23                **damages.**

24        Aside from damages for emotional or mental harm and his placement in SHU, Plaintiff has

25    alleged no loss or harm that would entitle him to compensatory damages.  Any compensatory

26    damages Plaintiff might possibly claim (aside from emotional or mental harm or placement in

27    SHU) will not be substantial.  The Court expressed its view that "if plaintiff seeks only nominal

28    damages and an order releasing him from SHU, then bifurcation would be unnecessary.

10

1  Defendants agree with the Court's view.  But if Plaintiff seeks compensatory damages (other than

2  for emotional or mental harm) and punitive damages, as his brief indicates he will, then

3  Defendants agree with Plaintiff that the trial should be bifurcated.

4  **CONCLUSION**

5      For the foregoing reasons, the Court should instruct the jury on the elements of Plaintiff's

6  claims that he must prove to prevail on his claims, that "some evidence" supported Plaintiff's

7  gang validation, and the issues that the jury will need to decide; permit Plaintiff to present to the

8  jury a redacted copy of only one confidential source item and refer to the date of one other, but

9  only if the jury is informed of all source items used to validate him as a gang associate; and  limit

10  Any trial needed to determine compensatory or punitive damages should be bifurcated.

11  Dated:  April 29, 2015                Respectfully submitted,

12                                   KAMALA D. HARRIS
                                 Attorney General of California

13                                   RENE L. LUCARIC
                                 Supervising Deputy Attorney General

14

15                                   **/s/ David A. Carrasco**

16                                   DAVID A. CARRASCO
                                 Deputy Attorney General

17                                   *Attorneys for Defendants*
                                 *Brandon, Parker, and Mayfield*

18  SA2008302702
   61554930.doc

19

20

21

22

23

24

25

26

27

28

1
2

## DEFENDANTS' PROPOSED JURY INSTRUCTION ON
## PLAINTIFF'S DUE-PROCESS CLAIM

3    Plaintiff claims that Defendants Brandon and Parker violated his rights to due process in

4   violation of the Fourteenth Amendment in connection with Plaintiff's validation as a prison gang

5   associate.  Due process for a prisoner's gang validation has two elements:

6    First, prison officials must hold an informal hearing within a reasonable time after the

7   prisoner is segregated; the prisoner must be informed of the reason segregation is being

8   considered; and the prisoner must be allowed to present his views.  *Toussaint v. McCarthy*, 801

9   F.2d 1080, 1100 (9th Cir. 1986), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472,

10   481 (1995).  Second, the gang-validation must be supported by some evidence.  *Superintendent v.*

11   *Hill*, 472 U.S. 445, 455 (1985); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003).

12    Before the start of this trial, the Court adjudicated whether some evidence supported

13   Plaintiff's validation as a prison gang associate.  Five items supported Plaintiff's gang validation,

14   and the Court found that four of them each qualified as some evidence.  Hence, the only issue

15   remaining for you, the jury, concerning the due-process claim is whether Plaintiff was given

16   adequate notice that he was being considered for segregated housing because of his gang-

17   affiliation, and the opportunity to be heard.

18    If you find that Plaintiff has proven that Brandon or Parker, or both, did not provide

19   Plaintiff with adequate notice and the opportunity to be heard, your verdict should be for Plaintiff.

20   If on the other hand, you find that Plaintiff failed to prove that he did not receive adequate notice

21   and chance to be heard, your verdict should be for Defendants.

22
23
24
25
26
27
28

12

1

2

## DEFENDANTS' PROPOSED JURY INSTRUCTION ON

## PLAINTIFF'S RETALIATION CLAIMS

3      Plaintiff claims that Defendants Parker and Mayfield each violated his rights under the First

4   Amendment by validating him as a prison-gang associate in response to Plaintiff's participation in

5   constitutionally protected activity—namely, filing an administrative grievances against CDCR

6   officials.

7      To prevail on his retaliation claims, Plaintiff must satisfy five elements:  (1) Plaintiff

8   engaged in protected conduct; (2) Parker and Mayfield took some adverse action against him, (3)

9   the adverse action taken was in response to Plaintiff's protected conduct; (4) the adverse action

10  chilled Plaintiff's exercise of his First Amendment rights, or would chill a person of ordinary

11  firmness from exercising such rights; and (5) the action did not reasonably advance a legitimate

12  correctional goal and, if the action did advance a legitimate correctional goal, it was not a taken a

13  cover or ruse to silence or punish Plaintiff because of his protected conduct.  *Rhodes v. Robinson*,

14  408 F.3d 559, 567-68 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).

15     A prisoner is subjected to adverse action because of his participation in protected activity if

16  the adverse action would not have occurred but for that participation.  Model Civ. Jury Inst. 9th.

17  10.3 (2007).

18     The parties have stipulated that the first and second elements have been satisfied:  Plaintiff

19  engaged in protected conduct by filing grievances, and Parker (but not Mayfield) took an adverse

20  action against Plaintiff by initiating Plaintiff's gang validation.  It remains for you to determine

21  whether Plaintiff has satisfied the other elements of his retaliation claims.  If you find that

22  Plaintiff has proven all five of these elements or that he has proven the first four of these five

23  elements and has proven that his validation was a mere ruse or cover to punish him because he

24  filed grievances, your verdict should be for the Plaintiff.  If, on the other hand, Plaintiff has failed

25  to prove these elements, your verdict should be for Defendants.

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Rios v Tilton, et al.**          Case
No.          **2:07-cv-00790 WBS KJN (PC)**

I hereby certify that on <u>April 29, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' BRIEF ON TRIAL ISSUES

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 29, 2015</u>, at Los Angeles, California.

<table>
<tr><td>Reina Velasco</td><td>/s/ Reina Velasco</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

61554943.doc