1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RENO FUENTES RIOS,                           No.  2:07-cv-0790 KJN P

12                  Plaintiff,

13            v.                                   ORDER RE: TRIAL PROCEDURES IN
                                                   REMEDIES PHASE
14   J.E. TILTON, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding through appointed counsel, with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  He proceeds against three defendants on claims related to

19   his validation as an associate of a prison gang while housed at California State Prison-Sacramento

20   ("CSP-Sac").[1]  Defendants Brandon and Parker are alleged to have violated plaintiff's procedural

21   due process rights under the Fourteenth Amendment, while defendants Parker and Mayfield are

22   alleged to have retaliated against plaintiff for exercising his First Amendment right to file prison

23   grievances.  This order addresses (1) an amendment to the January 4, 2016 order, and (2)

24   procedures for handling confidential information during the remedies phase, if any, of the trial.

25   ////

26   ////

27

28   _____
     [1] Plaintiff is currently housed at Kern Valley State Prison.

                                                    1

Amendment to January 4, 2016 Order

In the January 4, 2016 order, the court determined that plaintiff would be allowed to seek "compensatory damages for the time spent in the SHU in connection with his procedural due process claims, if (i) he is able to prove that the procedures leading to his gang validation were defective and (ii) defendants fail to prove that proper procedures would have led to plaintiff's validation." (ECF No. 201 at 25.)  The court further determined that plaintiff "cannot recover compensatory damages based on mental or emotional injury as a result of procedural due process violations, absent a showing of greater-than-de minimus injury." (Id.)  The remedies available to plaintiff in connection with his procedural due process claims were then summarized as follows:

> If plaintiff prevails on his procedural due process claim, he may seek the following remedies: nominal damages; compensatory damages for mental and emotional injuries, including any injuries stemming from SHU placement; compensatory damages for mental and emotional injuries resulting from procedural due process violations, if plaintiff first demonstrates a greater-than-de minimus physical injury resulting from these violations, and defendants then fail to prove that proper procedures would have led to plaintiff's validation; punitive damages; and injunctive relief, in the form of expungement of plaintiff's gang validation and a new hearing.

(Id. at 30.)

In order to clarify the court's finding that plaintiff may recover for injuries stemming from the SHU placement only if the SHU placement was unjustified, the summary of remedies in the January 4, 2016 order, ECF No. 201 at 26, 30, shall be amended as follows:

If plaintiff prevails on his procedural due process claim, he may seek the following remedies:

- Nominal damages

- Compensatory damages for mental and emotional injuries resulting from procedural due process violations, if plaintiff first demonstrates a greater-than-de minimus physical injury resulting from these violations.  These damages may include injuries stemming from the SHU placement only if defendants fail to prove that proper procedures would have led to plaintiff's validation.

- Punitive damages

2

- Injunctive relief, in the form of expungement of plaintiff's gang validation and a new hearing

Trial Procedures in Remedies Phase

As discussed above, the court previously determined that if plaintiff prevails on his procedural due process claim in the liability phase of trial, defendants will then have the burden of proving in the remedies phase that plaintiff would have been sentenced to the SHU even if he had been accorded adequate due process. (ECF No. 201 at 28.)  In the January 4, 2016 order, the court advised the parties that if the jury finds defendants liable on plaintiff's procedural due process claim, the court would be inclined to instruct the jury, in connection with the jury's determination of damages, as to the court's finding that "some evidence" supported plaintiff's validation as a gang associate. (Id. at 28-29.)  The parties were granted leave to file supplemental briefing addressing whether other procedures ought to be employed to resolve the issue of whether, for the purpose of determining damages, plaintiff would have been sentenced to the SHU even if he had been accorded adequate due process. (Id. at 29, 30.)  Plaintiff filed a brief objecting to the court's decision to instruct the jury regarding the "some evidence" finding, and proposing that defendants move to seal the courtroom during the presentation of any confidential evidence.[2] (See ECF No. 205.)

Upon further consideration, the court has determined that, in light of the differences between the federal "some evidence" standard and the requirements for inmate gang validation under California law,[3] it would not be beneficial to instruct the jury as to the court's finding that

---

[2] Plaintiff's brief did not address whether Mr. Rios should be permitted to remain in the courtroom during this time.

[3] As explained in the January 4, 2016 order, ECF No. 201 at 28-29:

> In mid-2006, when plaintiff was validated as a gang associate, applicable California regulations defined an "associate" of a prison gang as "an inmate/parolee who is involved periodically or regularly with members or associates of a gang." Cal. Code Regs. tit. 15, §§ 3378(c)(4),(7) (2006).  Validation as a prison gang associate required "at least three (3) independent source items of documentation indicative of association with validated gang members or associates." Id. (listing thirteen categories of source items).  At least one of the source items was required to be "a direct

1    "some evidence" supported plaintiff's validation.  Thus, if plaintiff prevails on his due process

2    claim in the liability phase, the court will not instruct the jury in the remedies phase as to the

3    court's prior "some evidence" finding.

4           The court anticipates that for the purpose of determining damages, the parties will seek to

5    introduce at least some of the confidential material used to validate plaintiff, which is currently

6    filed under seal with the court.  To the extent the parties will be permitted to introduce such

7    confidential information in the remedies phase of trial, the court intends to adhere to the

8    following approach:  If and when any confidential evidence is to be used or referred to so that the

9    identities of the confidential informants would be disclosed, the courtroom will be cleared, of the

10   public and of Mr. Rios, and the trial will proceed in the presence of only the jury and persons

11   authorized to know the identities of the confidential informants, as set forth in the Stipulated

12   Protective Order, ECF No. 168.  Plaintiff's counsel will not be permitted to disclose to plaintiff

13   any of the information produced by defendants on an attorney's eyes only basis, including the

14   identities and records of the informants used by CDCR to validate plaintiff.  See Dkt. No. 417 in

15   Lira v. Cate, Case No. 3:00-cv-00905-SI (N.D. Cal.) (Ninth Circuit Order setting forth procedures

16   for presentation of confidential information at trial).

17          A further pretrial conference will be held to address the parties' views concerning the

18   approach set forth above, as well as any other procedures that should be followed with respect to

19   the presentation of confidential evidence during the remedies phase of trial.  Because the

20   _____

21          link to a current or former validated member or associate of the
            gang." Id.  "If a source item does not categorically evidence gang
22          affiliation or activity, prison officials may only rely on it if they can
            articulate how that item provides such evidence."  Castro v.
23          Terhune, 712 F.3d 1304, 1311 (9th Cir. 2013) (summarizing
            provisions of 15 Cal. Code Regs. § 3378).

24          By contrast, a validation decision meets federal substantive due
            process requirements if it is supported by "some evidence."  Bruce,
25          351 F.3d at 1287 (citing Superintendent v. Hill, 472 U.S. 445, 454
            (1985)).  A single piece of evidence may be sufficient to meet the
26          "some evidence" requirement if it has "sufficient indicia of
            reliability."  Id. at 1288 (citing Toussaint v. McCarthy, 926 F.2d
27          800, 803 (9th Cir. 1990)).  "'[T]he relevant question is whether
            there is any evidence in the record that could support the
28          conclusion.'"  Id. at 1287 (quoting Hill, 472 U.S. at 455.)

procedures to be used depend in part on the nature of the confidential material to be presented, the court will also determine at the conference, or shortly thereafter, which confidential materials the parties will be permitted to introduce during the remedies phase of trial.  In particular, the court seeks to determine what in format the confidential information will be presented, and for what periods of time Mr. Rios should be excluded from the courtroom.  To facilitate the resolution of these issues at the upcoming conference, the parties will be required to file supplemental briefing, including authority for their positions, on the following issues:

    a.  Does plaintiff anticipate filing a motion to lift the attorneys' eyes only restrictions in the Stipulated Protective Order?

    b.  Do defendants anticipate moving to seal the courtroom during the presentation of any confidential evidence, assuming that some confidential evidence will be presented during the remedies phase?

    c.  If any of the confidential evidence currently filed under seal is presented during the remedies phase, should plaintiff and/or the public be excluded from the courtroom during the presentation of the confidential evidence?  If so, at what point should plaintiff and/or the public be excluded?

    d.  Which confidential materials currently filed under seal, or other confidential information, do the parties anticipate introducing during the remedies phase of trial? In particular, the parties should address the following questions:

        1.  Confidential Exhibit 1:[4] The court has determined that during the liability phase of trial, plaintiff will be permitted to present a redacted version of the **June 1, 2006** confidential memo authored by defendant **Parker** ("Parker Memo"); that defendants may introduce the exhibits attached to the Parker Memo for completeness; and that both the Parker Memo and any exhibits thereto will be published for the jury's eyes only.  (ECF No. 201 at 18.)  In the

---

[4] For the purposes of clarity, the court has identified each document by author and date, as well as by the exhibit numbers used in the parties' confidential briefing.  The author and date of each memo is not confidential.  (See ECF No. 134-9 at 4 (CDC 128-B Chrono summarizing information used to validate plaintiff).)

remedies phase of trial, will either party seek to introduce an unredacted

version of the Parker Memo, or will the redacted version of the Parker Memo

and exhibits suffice?  If the redacted version is used, should plaintiff be

permitted to remain in the courtroom during this time?

2.  <u>Confidential Exhibit Two:</u> Will defendants seek to introduce the **January 25,**

**2006** confidential memo authored by **Sgt. Bales** ("2006 Bales Memo")?  If so,

which portions of the memo will defendants seek to introduce?  Which

portions of the memo will plaintiff seek to introduce, and for what purpose?

Should any of the information be redacted?  If so, which parts?  Can plaintiff

remain in the courtroom during the presentation of any of this information?

3.  <u>Confidential Exhibit Three:</u> Will defendants seek to introduce the **October 21,**

**2005** confidential memo authored by **Officer Zamudio**?  If so, which portions

of the memo will defendants seek to introduce?  Which portions of the memo

will plaintiff seek to introduce, and for what purpose?  Should any of the

information be redacted?  If so, which parts?  Can plaintiff remain in the

courtroom during the presentation of any of this information?

4.  <u>Confidential Exhibit Four:</u> Will defendants seek to introduce the **February 4,**

**2004** confidential memo authored by **Officer Wheeler**?  If so, which portions

of the memo will defendants seek to introduce?  Which portions of the memo

will plaintiff seek to introduce, and for what purpose?  Should any of the

information be redacted?  If so, which parts?  Can plaintiff remain in the

courtroom during the presentation of any of this information?

5.  <u>Confidential Exhibit Five:</u> The parties have stipulated to the date of the alleged

gang activity described in the **March 25, 2003** memo authored by **Sgt. Bales**

("2003 Bales Memo").  (<u>See</u> ECF No. 201 at 16-17.)  In light of this

stipulation, will either party seek to introduce the 2003 Bales Memo during the

remedies phase, or will the stipulation regarding the date suffice?  In other

words, will defendants seek to introduce the contents of the 2003 Bales Memo,

6

beyond the date of alleged activity and the information contained in the (non-confidential) CDC 1030 Chrono, to prove that plaintiff would have been validated even if proper procedures were used? If defendants introduce the contents of the 2003 Bales Memo, what additional confidential information, if any, will plaintiff seek to introduce?

      6.   Are there confidential materials (or testimony concerning other confidential materials), other than those listed above, that the parties will seek to introduce during the remedies phase of trial?

e.  To the extent the parties seek to introduce confidential information during the remedies phase, in what format do the parties anticipate introducing the evidence? In other words, will the parties seek to publish confidential documents to the jury, or will a witness testify regarding the contents of the confidential documents?

f.  To the extent the parties assert that some portions of the confidential documents should be published to the jury in redacted form, is redaction necessary even if Mr. Rios and the public are excluded from the courtroom during the presentation of this evidence?

g.  Is there any confidential information that has not yet been produced to plaintiff that plaintiff anticipates requesting from defendants prior to trial? In other words, is there any confidential information that the parties will seek to introduce at trial that has not been filed under seal with the court?

h.  What instructions should be given to the jury regarding the confidential nature of the information used to validate plaintiff?

i.  Assuming that Mr. Rios is excluded from the courtroom during the presentation of confidential evidence, what instructions should be given to the jury concerning plaintiff's absence from the courtroom?

j.  To the extent plaintiff asserts that Mr. Rios should be permitted to remain in the courtroom during the presentation of some of the evidence used to validate him, will plaintiff request that the jury be prevented from seeing Mr. Rios enter or exit the

courtroom in handcuffs and/or leg restraints?

k.  With respect to damages, what jury instructions should be used during the remedies phase of trial?  Please consider how the jury instructions might differ in the following scenarios:  (1) plaintiff prevails on his retaliation claim(s) only; (2) plaintiff prevails on his procedural due process claim(s) only; and (3) plaintiff prevails on both his retaliation and procedural due process claims.

l.  If plaintiff prevails on his procedural due process claim, for what period of time can he recover damages for mental or emotional distress?[5]  If Ninth Circuit Model Jury Instruction 5.2 (Measure of Types of Damages) is given, should the phrase "and that with reasonable probability will be experienced in the future" be included with respect to the "mental, physical, and emotional pain and suffering" experienced by plaintiff?

m.  Should a special verdict be used in the remedies phase of trial?  If yes, what would the special verdict entail?

n.  Since plaintiff's initial validation in 2006, has plaintiff had a subsequent gang validation hearing or other review of his validation?  If so, what is the consequence of this hearing or review?

o.  Do the parties believe that a further settlement conference would be beneficial?

The parties are reminded that the court intends to determine, based on the supplemental briefing and any arguments presented at the upcoming conference, what confidential material the parties will be permitted to present during the remedies phase of trial, and whether Mr. Rios will be permitted to remain in the courtroom during the presentation of any such evidence. Accordingly, the parties' responses to the above questions should be as detailed as possible.  To the extent the parties seek to introduce confidential documents at trial, the parties should provide the specific page numbers of the portions of each document they seek to introduce during the remedies phase of trial. The parties are also encouraged to brief any matters not listed above that they believe will be helpful to conducting the trial in this matter.

---

[5] The parties are reminded to provide legal authority for their responses.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The January 4, 2016 order (ECF No. 201 at 26, 30) is amended as follows.  If plaintiff prevails on his procedural due process claim, he may seek the following remedies: nominal damages; compensatory damages for mental and emotional injuries resulting from procedural due process violations, if plaintiff first demonstrates a greater-than-de minimus physical injury resulting from these violations.  These damages may include injuries stemming from the SHU placement only if defendants fail to prove that proper procedures would have led to plaintiff's validation; punitive damages; and injunctive relief, in the form of expungement of plaintiff's gang validation and a new hearing.

2.  Upon reconsideration, the jury will not be instructed as to the court's "some evidence" finding during the remedies phase of trial (in connection with the jury's determination of whether plaintiff would have been sentenced to the SHU even if he had been accorded adequate due process).

3.  A further pretrial conference is set for July 20, 2016, at 10:00 a.m., in Courtroom 25 before Magistrate Judge Kendall J. Newman.

4.  At least fourteen days before the July 20, 2016 conference, the parties shall file supplemental briefing addressing the issues set forth above.  Reply briefs, if any, shall be filed within five days thereafter.  To the extent the parties' briefs discuss or reveal confidential information, the briefs may be filed under seal.

Dated:  May 13, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

TS/rios0790.f_ptc