UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.E. TILTON, et al.,<br><br>　　　　　Defendants. | No.  2:07-cv-0790 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Defendants seek reimbursement of $1,487.03 expenses incurred in obtaining deposition transcripts. Plaintiff objects to the application; defendants filed a response. As set forth below, the court grants the application.

I. Background

In plaintiff's complaint, filed April 25, 2007, he alleged that while he was incarcerated at California State Prison-Sacramento, five defendants relied on false and inadequate information to validate him as a prison gang associate and place him in security housing. Plaintiff challenged the validation and placement decisions on due process grounds and further claimed that defendants retaliated against him for exercising his First Amendment rights. This case survived multiple dispositive motions, including multiple motions for summary judgment, and counsel was appointed for plaintiff on June 7, 2012. A settlement conference was held on May 20, 2014. By

1

the July 28, 2016 final pretrial order, this action proceeded on plaintiff's due process claims against defendants Brandon and Parker, and retaliation claims against defendants Parker and Mayfield.  (ECF No. 215.)  Jury trial began on October 28, 2016, and on November 2, 2016, at 12:30 p.m., the jury began deliberations.  (ECF No. 254 at 2.)  At 2:38 p.m., the undersigned read the jury's note reflecting a verdict had been reached.  At 2:40 p.m., the jury foreperson delivered the verdict form, and at 2:50 p.m. the defense verdict was read in open court.  (Id.)

II.  Application to Tax Costs

Federal Rule of Civil Procedure § 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."  Id.; Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  Indeed, "[a] district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'"  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citing Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000)).  The Ninth Circuit has said that proper reasons for denying costs include (1) the losing party's limited financial resources; (2) the prevailing party's misconduct; (3) the potential chilling effect of imposing high costs on civil rights litigants; (4) the nature of the prevailing party's recovery; (5) the losing party's good faith in litigating; and (6) the importance of the case.  Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citing Mexican-American Educators, 231 F.3d at 592 & n.15).

II.  The Parties' Positions

Plaintiff does not challenge the costs themselves, which are authorized under the statute.  See Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963) (stating that the cost of deposition transcripts "necessarily obtained for use in the case" can be taxed under § 1920(4)) (quotation marks omitted).  Rather, plaintiff argues that the court should not tax costs because of his indigence, his $10,000 restitution order imposed for his incarceration offense, and his inability to work in prison due to his gang validation (ECF No. 225 at 9, 14, 15, 20-21), as well as the chilling effect the award will have on civil rights cases, the nature of and merit to his claims against the correctional officers, and the economic disparity between the parties.

Defendants argue that the bill for deposition transcripts is a small fraction of the total cost they incurred in defending this action. Defendants contend that there is a presumption that costs are awarded to prevailing parties and plaintiff's mere indigence is insufficient to render him immune therefrom. Defendants argue the case was not of extraordinary importance or complexity, but rather involved two garden-variety due process and retaliation claims, and the jury's unanimous verdict was reached within a half hour. Further, defendants contend that awarding these costs would not chill future litigants, other than those raising false claims, and any impact is softened by the payment scheme provided by the PLRA. Because this case ultimately boiled down to a credibility question, and the jury believed the correctional officers, not the plaintiff, defendants argue that plaintiff should be required to pay these deposition expenses. (ECF No. 269 at 4-7.)

III. Discussion

First, it is clear that plaintiff is indigent. "'[A] substantiated claim of the losing party's indigency may justify a reduction or denial of costs to the prevailing party, although such indigency is not an absolute shield to the imposition of costs.'" Conn v. City of Reno, 2012 WL 4194560, at *3 (D. Nev. Sep. 19, 2012) (quoting Moore's Fed. Prac. § 54.10[1][b] ). Plaintiff is serving a life sentence with the possibility of parole, and has no ability to earn an income. (ECF No. 266 at 1.) Indeed, plaintiff owes approximately $10,000 in restitution for his underlying criminal offense. Plaintiff's previous long-term housing in the SHU, based on his gang validation, precluded any access to working a prison job. Thus, plaintiff's lack of financial resources, in conjunction with the large amount owed in restitution, demonstrates that it is highly unlikely plaintiff will be able to satisfy any costs. Reed v. Moore, 2011 WL 703618, at *1 (E.D. Cal. Feb. 18, 2011) (denying $4,293.89 in costs when "it is highly unlikely" the inmate would be able to satisfy any costs).

Nevertheless, plaintiff has not shown the imposition of defendants' relatively modest costs will harm him despite his indigence. Jones v. Neven, 2011 WL 703618, at 2 (D. Nev. Jan. 14, 2013) (imposition of costs on inmate will not render him indigent in light of fact that costs will be paid in installments under 28 U.S.C. § 1915(f)(2)(B)); Janoe v. Stone, 2012 WL 70424, at *2

(S.D. Cal. Jan. 9, 2012) (imposing costs because of the "piecemeal payment plan" even though plaintiff was unable to secure a prison job and worried about paying for hygiene items); see also Antoine v. Cnty. of Sacramento, 2009 WL 1260318, at *2 (E.D. Cal. May 6, 2009) (whether threat of indigency from imposition of costs is genuine "depends on the amount of the potential cost award"); compare Stanley v. Univ. of So. Ca., 178 F.3d 1069, 1080 (9th Cir. 1999) (denying "extraordinarily high" bill of costs). Here, defendants incurred far greater costs than the $1,487.03 deposition costs for which they seek reimbursement, particularly given the age of this case and the motion practice involved.

Moreover, a prisoner's indigence, as well as the disparity in income between the prisoner and the state of California, which usually defends against these civil rights cases, are constant factors in these cases. If such factors governed the court's discretion, the presumption would be opposite the presumption in Rule 54(d), and prisoners would be disinclined to refrain from bringing false claims or to settle claims prior to trial.

In Stanley, the Ninth Circuit remanded the case to the district court to consider its order taxing costs, noting "the imposition of [ ] high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation" and finding the claims raised in that case were important and "far from obvious." 178 F.3d at 1080; see also Assoc. of Mexican-American Educators, 231 F.3d at 593 (upholding denial of costs in "extraordinary, and extraordinarily important, case" and saying that granting high costs in important cases might discourage other civil rights litigation). Without downplaying the importance of the case to plaintiff personally, or the potential viability of due process and retaliation claims against prison guards, the issues in this case were not novel or complex, and there is no reason to believe that the modest award of costs here will chill future inmate litigation.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' application for deposition costs (ECF No. 264) is granted; and
2. Plaintiff is taxed $1,487.03 in costs.

Dated:  March 23, 2017

rios0790.expsG

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE